Spring Term
1 8 3 9 .

Combs *vs.* Warner.                    PET. & SUM.

[Mr. Shy for appellant: no appearance for defendant.]

FROM THE CIRCUIT COURT FOR FAYETTE COUNTY.

Judge MARSHALL delivered the Opinion of the Court.                    *May* 1.

ON the 7th of June, 1838, a summons issued from the office of the Fayette Circuit Court, upon a petition and note filed against James Shy and Leslie Combs, as obligors in the note. On the summons, which was returnable to the first day of the June term of said Court, which came on the 18th of June, is the following endorsement, made by one of the deputy sheriffs of Fayette county, viz. " Executed on Combs, June 7th, 1838—Shy not found, June 7th, 1838." There is also on the summons, an endorsement made by the attorneys of the plaintiffs, to the effect that, Shy having been out of the county of Fayette at the date of the summons, and until the 10th of June, the sheriff had, by their direction and request, returned the summons to the office on Saturday, the 9th of June.

On the first day of the June term, (viz. the 18th of June, 1838,) Combs presented the affidavits of Shy and another, stating that, on Monday, the 11th of June, Shy had presented himself to the deputy, who had executed the summons on Combs, and also to another deputy sheriff of the county, demanding that the summons should be served. And it was agreed by the plaintiffs, that, on the 11th, the process was in the hands of the deputy last referred to, by whom it was on that day first returned to the office.

Upon all of this evidence, Combs moved the Court, first, to compel the sheriff to amend his return, and then, to quash the return as to Shy. Which motions having been successively overruled, and the opinions of the Court thereon excepted to, he filed a bill of exceptions. And on the next day, after an ineffectual attempt to file a plea in abatement alleging the infancy of the

*An officer has no right to return a summons on petition, or capias, 'not found,' before the return day. Nor has he any right to make that return, until he has been to the deft's. residence in search of him, unless the deft's. residence is unknown to him. It is the duty of the officer to retain the process, and endeavor to execute it, until the return day.*

*A return of not found, as to one of two defts. dated before the return day, will not authorize an abatement as to him, and judg't against another.*

*Where a sheriff made a return of not found, dated nine days before the return day, and it was shown to the court, and not controverted, that, after that date, and before the return day, the deft. had an interview with the sheriff who then had the process, and was requested to execute it—the court should have required the sheriff to amend the return, or should have quashed it. It was erroneous*

Spring Term
1839.

*Combs*
vs
*Warner.*

to enter an abatement as to that deft., and render judg't against another.

A pltf. may, however, control his writ in the hands of the officer, and direct its return at any time; but cannot, by dispensing with service as to one defendant, acquire a right to proceed against another, without him. If the writ is against two, and served on one only, in time for judg't at the next term, & the other is not found till within ten days of the court, the pltf. cannot, by directing a return then, acquire the right to abate as to the latter deft., and take judgment against the other.

plaintiff, the record states, that the suit was abated as to Shy by the sheriff's return, and thereupon judgment was rendered against Combs, who appeals to this Court for its reversal.

We have stated all the facts which came before the Circuit Court, not because they are all deemed essential to the question of reversal, but because, when taken together, they remove all doubt as to the true construction of the material facts, and tend to show the importance of the question, and the extent to which the practice brought to view in this case, may be carried, if sanctioned by the opinion of this Court.

In authorizing an abatement as to one of two or more co-obligors, upon the return of ' not found,' the law looks to that return as being in good faith a full response to the entire requisition of the process, which, being a continued command from the time of its reception by the sheriff, until it is properly returnable, requires that he should execute it at any time when he may, within that period.

The statute prohibits the sheriff from making the return of ' not found,' unless the residence of the defendant be unknown to him, or unless he has sought for him there without success. But it does not authorize him to make such a return upon one of these facts alone, but only upon one of these facts coupled with the additional fact that he has had no opportunity of serving the process. Surely, if the sheriff, after being at the residence of a defendant, and not finding him there, should, immediately on going away, meet him, knowingly, and have full opportunity of executing process on him, he would not be authorized to return that such defendant had not been found. It is equally clear that he is not authorized to make such return, if he have a similar opportunity at any time while he is authorized to execute the process, and that in contemplation of law, and under the law, this authority continues until the return day.

The general return of not found, therefore, (and the statute authorizing the abatement refers to no other,) implies, not only the fact that the sheriff remains ignorant of the defendant's residence, or that he has *sought*

him there, without finding him, but also, that he has had no opportunity of serving the process on him until it was returnable by law. And it is upon these facts, thus indicated by the return, that the abatement is allowed.

So understanding the law, we are inclined to the opinion that the return as to Shy, even when taken alone, and without reference to any of the extrinsic facts, cannot, by the aid of the most liberal presumptions, be understood as equivalent to the general return of 'not found.' It asserts nothing more, and was obviously intended to imply nothing more, than that Shy was not found on the 7th of June—the day on which the process issued. By the precision of its terms, it seems to leave no room for the implication that Shy was not found, or could not have been conveniently served with process, between the 7th and the 18th of June. As to this latter period, the sheriff says nothing, and intends to say nothing. His return, therefore, upon this view of it, furnishes no evidence of the facts upon which alone the law authorizes the plaintiff to abate his action as to one defendant, and proceed to judgment against another.

If, however, this construction of the return should be too restricted, and if it is to be understood as equivalent to the general return of 'not found,' or if it were in terms such a return, importing that there had been no opportunity of serving the summons upon Shy, from its reception by the sheriff till the regular time for its return, it is conclusively falsified in its material import, by the facts proved and admitted. And, on this ground, we are clearly of opinion, not only that the Circuit Court had the right, but that, in the exercise of a sound discretion in the control of its officers, its process and its records, it was bound, on the motion of Combs, either to quash the return, or to cause it to be amended, according to the truth of the fact. And in either case, there could have been no abatement as to Shy.

It is scarcely necessary to say that the right of the plaintiff to revoke the process which he has caused to be issued, or to suspend or dispense with its execution by the sheriff, is not touched, nor intended to

be questioned by the foregoing positions. We mean to say, however, that by dispensing with that which the law authorizes to be done for his benefit, he acquires no right as against the other party to proceed as if it were done. And that his voluntary suspension of the execution of the process by which he may have a right to judgment, is not in law any more than in reason, an appropriate mode of expediting judgment. The advantage of getting rid of one of several joint defendants by abatement, and proceeding to judgment against the others, is not intended to be dependant upon the mere choice or caprice, or partiality of the plaintiff or the sheriff; but is given upon grounds of general convenience, as a just consequence of a fair but unsuccessful attempt, by means of legal process to bring all the defendants before the Court, and thus to subject them to its judgment. Such an attempt has not been made when the plaintiff suspends or dispenses with the execution of the process as to part of the defendants, while it is still in force, and when there still may be, and, as the fact turns out, actually has been, ample opportunity for full service.

Wherefore, for the error of abating the suit as to Shy, and rendering judgment against Combs alone, the judgment is reversed, and the cause remanded with directions to set aside the order of abatement, and for further proceedings in conformity with this opinion.