SMITH, &c.
*vs*
ALEXANDER, &c.

*Kincaid* for plaintiffs: *Harlan & Craddock* for defendant.

---

PET. & SUM.

## Smith, &c., *vs* Alexander.    Same *vs* Taylor.

Case 133.

### ERROR TO THE MERCER CIRCUIT.

*Practice.  Process.  Abatement.*

July 3.

JUDGE MARSHALL delivered the opinion of the Court.

The case stated.

THESE were two actions by petition and summons against Scales and Smith, joint and several obligors in each of the notes sued on. In each case the Sheriff returned the process as to Smith "executed," in time for judgment at the first term; and as to Scales "not found." On the calling of the cause on the first day of the term, the record states that the defendant, Scales, came by his attorney and filed his affidavit, and moved the Court to quash the Sheriff's return as to him; and the Sheriff filed his affidavit, and moved to amend his return by changing "not found" to "no inhabitant." The Court refused to quash the return, allowed the amendment, and, thereupon, an abatement was entered as to Scales, and a judgment by default rendered against Smith. For the rever-

sal of this judgment, Smith and Scales prosecute a joint writ of error.

The motion to quash was founded on the fact that two days before the commencement of the term, Scales had presented himself to the Sheriff for the service of process upon him, which was not done, the Sheriff having a day or two before returned the summons to the Clerk's office. The Sheriff in his affidavit stated that before the commencement of the suit, Scales had removed from the county and State, insolvent, and was and still is an inhabitant of Cincinnati, Ohio, and was there, as he believes, when the return on the process was made, and has no property in the county or State; that "no inhabitant" is as he is informed the appropriate return in the case; that on the Thursday or Friday before the term, he had returned the summons into the Clerk's office, that Scales afterwards presented himself with his attorney, for the purpose of being served with process, and with the sole view of thereby effecting a continuance of the cause, and that he did not deem it his duty to get the process again in his hands for that purpose. These statements were not contradicted.

It is to be observed that as the record stood, without any amendment, the case was in a condition which authorized an abatement as to Scales, and a judgment against Smith. And it is Scales alone who attempted to interfere with this course of proceeding, by which he would have been let out of the suit. Smith made no movement on the subject. Suppose then, that upon the motion to quash, the facts stated by the Sheriff had been out of the case. It might then have been assumed that Scales, being an inhabitant of the county, the return of "not found" made before the return day of the summons, was premature and false. And the cases of *Combs* vs *Warner*, (8 *Dana*, 87;) *and Thompsom* vs *Morris*, (2 *B. Monroe*, 36,) prove that if Smith had moved to quash on these grounds the refusal of the motion would have been an error to his prejudice, for which the judgment against him should be reversed. For if the facts showed that the process might and ought to have been served upon his co-obligor, though at a period too late for judgment at the

One of two joint obligors who was a non-resident of the county and not served with process until two days before the return day, has not a right then to present himself to the Sheriff, who had two days before returned the process, and demand its service upon himself; nor will the Court, upon motion of such defendant, quash the return of the Sheriff of *not found*. But it is proper to permit the Sheriff to return the fact that said defendant was not an inhabitant of his county, abate as to him and ren-

SMITH, &c.
vs
ALEXANDER, &c.
der judgment a-
gainst the other
defendant.

first term, and that this service was prevented or avoided by the fault of the Sheriff, Smith would be entitled to place the case in the same condition as to the right of trial, as if the process had been thus served. But so far as Scales is concerned, the case is quite different. It is difficult to perceive what benefit he would have derived from the granting of his motion, or what prejudice he has sustained by its refusal. The return of "not found," presented no obstacle to his appearing as a party to the suit and submitting to the judgment. Neither the plaintiff nor the defendant Smith would probably have objected to his doing so. But this was evidently not his purpose. What then should have been the consequence if his motion had succeeded, and the return of the Sheriff had been quashed? Was he in Court as a party without further process, or must an alias summons have issued returnable to the next term? If he appeared as a party without service of process upon him, would not the case so far as he was concerned, have stood for trial and for judgment, unless he showed cause, or at least asked for a continuance. And if the necessary effect of the quashal of the return should have been a continuance of the cause, was the Court bound to grant the motion, when obviously made for this sole purpose by Scales alone, who would be benefited by its refusal, and when the other parties, who alone could be benefited by placing the cause in a condition to have a judgment against both obligors, either opposed the motion or stood indifferent. Smith neither participated in the motion, nor claimed a continuance upon the facts appearing. And it is manifest that there was no defence to the suit upon the merits.

But if the return of "not found" had been quashed on the motion of Scales, without his appearing as a party to the suit, the Sheriff would undoubtedly have been permitted, and indeed required, to make a return according to the truth of the case. And this would have been that "Scales was no inhabitant of the county, that knowing that fact, he had returned the process with the endorsement 'not found' as to him, three or four days before the return day, and that afterwards and two days before the return day, Scales had presented himself to him,

but not having the process in hand he had not executed it." Might not the plaintiff upon this return have abated the suit as to Scales, and taken judgment against Smith? Or would he have been bound to take out an alias summons, against one who already appeared to be no inhabitant, in order that the same fact might again be returned at the succeeding term? If the additional facts stated in the supposed return, did not amount to a service of process, we do not see that they would impair the effect of the return of "no inhabitant;" or that they should deprive the plaintiff of the right consequent upon that return, unless, assuming that the Sheriff had acted improperly in putting the process out of his hands, that impropriety was either induced by the plaintiff, or as a matter of law, he should be implicated in it.

There was certainly no actual service of the process, nor any thing equivalent to it. And if it be conceded, that though the Sheriff knew Scales to be no inhabitant, it was his duty to retain the process until the last moment, because he might by possibility appear in the county, still as there is no ground to infer, that either the plaintiff or the Sheriff looked to any such remote contingency, or acted with a view to avoid the serving of the process on Scales, and the plaintiff does not appear to have caused the return of the process, we are not satisfied that even if Smith had opposed the abatement on the return above supposed, his opposition should have been effectual. The cases before referred to, of a premature return of "not found," as to known residents of the county, have but slight analogy to the case of a premature return of "no inhabitant," as to a known resident of another State, not found in the county so late as three or four days before the return day, and not then expected to be in it. In the former case, the premature return may be regarded as a flagrant and inexcusable breach of duty, implying undue partiality or influence, and scarcely attributable to any other cause. In the latter case, there is scarcely room for such an implication.

Considering then that the movement in this case was made exclusively by Scales, and that Smith stood indifferent, showing by his passiveness that he took no inter-

est in the result, we are of opinion that the Court had a right to take into consideration all the circumstances of the case, and to look to the consequences of its action; and that as Scales, the insolvent non-resident, did not even offer to dispense with service of process, and an alias summons could not be expected to be served on him, and as Smith did not even ask for a continuance, nor in any manner participate in the motion of Scales, and there was no defence in the case, there was not only no error to the prejudice of Scales in overruling his motion, in allowing the return to be amended, and in abating the suit as to him, but that Smith having taken no part in the motion, nor made any opposition to the proceeding in the Circuit Court, could not have reversed the judgment upon his separate writ of error; and that if he could, the joint assignment of errors cannot avail for the reversal of a judgment against him alone.

Wherefore, the judgment in each case, is affirmed.

*Harlan & Craddock* for plaintiffs: *Daviess and Thompson* for defendants.