88 U.S. 98
 22 L.Ed. 479
 21 Wall. 98
 DOUGLASS
v.
DOUGLASS, ADMINISTRATOR.
 October Term, 1874
 
 ERROR to the Supreme Court for the District of Columbia; the case being thus:
 By an act of the Assembly of Maryland, in force in the District of Columbia,[1] provision is made that, upon motion of the defendant in replevin in certain specified cases, the court may order a return of the goods taken in such replevin, to the defendant. In such cases when a return is awarded, it is 'upon the said defendant entering into bond, with security to be approved by the court, conditioned for the return of said property, if the same be adjudged by the court.'[2] This statute being in force, Henry Douglass executed in Washington, D. C., a penal bond of the sort mentioned to William Douglass, in the sum of $11,000. It recited that William Douglass, as administrator, &c., had sued out against Henry Douglass a writ of replevin, under which had been seized and delivered to William, as administrator, certain articles (green-house plants) mentioned in the writ; that Henry had moved the court to return the articles to him, and that the court ordered their return upon his giving bond as required.
 The condition of the bond was as follows:
 'Now the condition of this obligation is such, that if the said Henry Douglass shall and will return the goods and chattels in said declaration mentioned, if the same be adjudged, and in all things stand to, abide by, and perform and fulfil the judgment of the said court, then the above obligation to be void; otherwise to be and remain in full force and virtue in law.'
 On this bond the said William Douglass, administrator, &c., brought suit in the court below.
 The declaration averred that it was adjudged in the suit that the property in the articles was in William, as such administrator, and that it was considered by the court that they should be restored to him, that he should recover of Henry $537.23 for costs, 'and that he have execution for the return of said goods and chattels, and for said costs of suit.'
 The breach alleged was,
 'That the said Henry Douglass did not return and deliver up the said goods and chattels to the said William Douglass, administrator, as aforesaid, or well and truly abide by and perform and fulfil the judgment of the said court in the premises, but had hitherto wholly neglected and refused so to do, and still doth so refuse and neglect, whereby the said writing obligatory hath become forfeited to the said plaintiff.'The defendant filed four pleas:
 1. That he did not commit the breach alleged.
 2. That he did not neglect and refuse to abide by and fulfill the judgment of the court.
 3. That the plaintiff caused a writ of de retorno habendo to be issued, and that in execution of the writ the marshal seized the goods and chattels mentioned in the declaration, and tendered them to the plaintiff, who refused to receive them.
 4. That he did deliver to the plaintiff the goods and chattels mentioned in the declaration, as he was bound to do.
 The third and fourth pleas concluded with a verification.
 The first and second concluded neither with a verification, nor to the country.
 The plaintiff took issue on the first, second, and fourth pleas; to the third he replied, that 'when the marshal seized the said goods and chattels they were much damaged and altered in condition, and of materially less value than when they were delivered to said defendant as aforesaid, wherefore plaintiff refused to receive the same, and they were left by the marshal and still remain in the defendant's possession, and this he is ready to verify.'
 There was no rejoinder to the replication. Upon this state of the pleadings the case went to the jury.
 Upon the trial the plaintiff offered evidence tending to prove the value of the goods and chattels when they were delivered by the marshal to the defendant, and also evidence tending to prove that they were seized by the marshal at several times under two writs of de retorno habendo, issued upon the judgment in favor of the plaintiff, and tendered to the plaintiff by the marshal; that the plaintiff refused to receive them; that they were then in a changed and damaged condition, and hence his refusal. The evidence was admitted, and the defendant excepted.
 The defendant offered evidence tending to prove that under the two writs of de retorno habendo, the goods and chattels had been seized by the marshal and tendered to the plaintiff; that he refused to receive them, and that upon one of the occasions when they were so seized, the plaintiff was present and objected only to a few of the articles as not included in the original suit; that the deputy marshal who served the writ and made the seizure instructed the plaintiff to furnish means of removing the articles from the premises of the defendant, which he refused to do, and that thereupon the deputy left them where he found them, without any consultation or understanding with the defendant, and that the defendant never accepted them from the marshal. The plaintiff objected to the evidence, the court excluded it, and the defendant excepted.
 The defendant prayed the court to instruct the jury that the tender to the plaintiff, by the marshal, discharged the obligation of the bond. The court refused, and the defendant excepted.
 The plaintiff thereupon asked the following instructions:
 1. That the proceedings under the writs de retorno habendo did not bar the plaintiff's right to recover.
 2. That unless the defendant had offered to return the goods and chattels, he was liable for their value at the time they were delivered to him by the marshal, with interest from the date of the judgment of return.
 These instructions were given, and the defendant excepted.
 Verdict and judgment having been rendered for the plaintiff, the defendant brought the case here.
 
 Messrs. B. Phillips and W. B. Webb, for the plaintiff in error:
 
 The meaning in law of the bond is the principal question.
 1. The seizure of the marshal, under the writ, of the property mentioned in it, was a return and delivery in full compliance with the bond. His possession and control of the property, by virtue of the writ issued at the instance of the plaintiff, was the possession and control of the plaintiff himself. The law makes the marshal the plaintiff's agent. Carrico v. Taylor[3] is in point.
 2. The bond was to return the property and fulfil the judgment. When the property was returned and the party paid the costs awarded, the judgment was in all things fulfilled, and the bond fully satisfied.[4]
 If the party had so chosen he could have had a bond conditioned not only for the return, but for a return in like good condition and order, and this form is frequently used. In Maryland, under the statute of 1785, and in the District where the Maryland statute prevails, the form is not used. The omission of this further condition materially changes the character of the obligation.[5]
 The action of replevin is the usual mode of trying the right to personal property, and the bond which is given should not, under any form of condition, subject the obligor to damages for the ordinary wear and tear the property is subject to.
 The case in short is this: The plaintiff is the obligee of a bond conditioned for the return of certain specified goods; he brings his action on this obligation, averring that the obligor did not return the property. The defendant pleads that this specified property was seized by the marshal on a writ which the plaintiff caused to be served on him. To this there is a replication which admits all these facts, but avers that the plaintiff refused their acceptance because they were of less value than when they were delivered to defendant. This is a departure in point of fact as well as of law. A new fact is introduced; the deterioration of the goods, not mentioned in the bond or declaration, and a new obligation in law is founded upon it. The case, therefore, tried, and on which judgment was rendered, finds no support in the obligation sued on, nor in the averment of the declaration.[6] Judgment should accordingly be reversed.
 
 Messrs. W. S. Cox and J. H. Bradley, contra:
 
 It is contended that the marshal's seizure either was a satisfaction of the writ, or can be pleaded as a performance of the condition of the return bond. The only case cited to sustain this position is that of Carrico v. Taylor. That case holds, that upon the sheriff's seizure, under a writ de retorno habendo, the sheriff's possession is the possession of the plaintiff, and the condition of the delivery bond is substantially complied with. This is by analogy to the case of a seizure under a fi. fa. The old rule was expressed to be that the seizure of sufficient personal property was a satisfaction of the debt, and it is only on similar ground that a seizure by the sheriff under a retorno habendo can be treated as a delivery or satisfaction. The case is clearly wrong, however, in treating the seizure as a delivery by the defendant. If the facts offered a defence at all, they do so only on the ground of a satisfaction of the writ or judgment. But the modern authorities declare, that a mere seizure or levy under a writ is a satisfaction only sub modo, or, conditionally, and does not become such, if the possession be afterwards surrendered.[7]
 In this case it appears that the property was relinquished to the defendant by the marshal, and has been in his possession ever since.
 Independently of this, the plaintiff had a right to refuse to accept the plants in a damaged and deteriorated condition. The value of a greenhouse full of valuable plants, japonicas, &c., is great if the plants be alive and vigorous. In that condition these plants, we must presume, were seized. But if they are suffered to die while in the defendant's possession, though in one sense they are still the same plants, in another they are not. The defendant was bound to return the plants in the same good condition as when received by him.[8]
 Mr. Justice SWAYNE, having stated the case, delivered the opinion of the court.
 
 
 1
 The exceptions taken by the defendant are all well taken. The central and controlling question in the case is the effect of the seizure of the property by the marshal, and its tender to the plaintiff. He sued out the writ. It went into the hands of the marshal by his procurement. He was the actor in causing its issuance and service. The marshal acted for him. He cannot be permitted to play fast and loose with the process he invoked. The marshal's possession was his possession. As soon as it was taken the efficacy of the bond touching the return of the property was at an end. The bond stipulated for the return of the property and nothing more in relation to it. We cannot interpolate what the contract does not contain. Our duty is to execute it as we find it, and not to make a new one.
 
 
 2
 The seizure and tender satisfied the judgment of return and the defendant's obligation.[9] Neither could be revived by the plaintiff's refusal to receive the property. The refusal was of no legal consequence.
 
 
 3
 If the defendant injured the property, or culpably suffered it to become injured while it was in his possession, a remedy must be sought in some other appropriate proceeding. It cannot be had in a suit on the bond.
 
 
 4
 If no writ de retorno habendo had issued it would have been the duty of the defendant to seek the plaintiff and deliver the property to him if he would receive it. Had the defendant failed to do this, there would have been a breach of the bond and he would have been liable. The action taken by the plaintiff obviated the necessity of his doing anything in that way.
 
 
 5
 The judgment is REVERSED, and the case remanded with directions to issue a venire de novo, and proceed
 
 
 6
 IN CONFORMITY TO THIS OPINION.
 
 
 
 [1]
 Act of 1785, ch. 80, § 14.
 
 
 [2]
 Evans's Practice, 237, 238.
 
 
 [3]
 8 Dana, 88.
 
 
 [4]
 Stevens v. Tuite, 104 Massachusetts, 336.
 
 
 [5]
 Parker v. Simonds, 8 Metcalf, 205.
 
 
 [6]
 Stephens on Pleading, 354.
 
 
 [7]
 Sasscer v. Walker, 5 Gill & Johnson, 102; Stone v. Tucker, 2 Bailey, 495, Duncan v. Harris, 17 Sergeant & Rawle, 436; Barker v. Wendell, 12 New Hampshire, 119; Green v. Burke, 23 Wendell, 490; Lynch v. Pressley, 8 Georgia, 327; Williams v. Gartrell, 4 Greene (Iowa), 287; Campbell v. Booth, 8 Maryland, 107; United States v. Dashiell, 4 Wallace, 182.
 
 
 [8]
 Parker v. Simmons, 8 Metcalf, 205; Young v. Willet, 8 Bosworth (N. Y.), 486; Suydam v. Jenkins, 3 Sanford's Superior Court, 614; Brizsee v. Maybee, 21 Wendell, 144; Schuyler v. Sylvester, 4 Dutcher, 488.
 
 
 [9]
 Carrico v. Taylor, 3 Dana, 33.