## Steele *v.* Tutwiler.

*Action on Special Supersedeas Bond.*

1. *Special supersedeas bond; condition of, and what damages may be recovered.*—A special bond, executed by the defendant in a statutory action of ejectment, on appeal from a judgment for the plaintiff for the possession of the land, with damages and costs, conditioned that he "shall prosecute said appeal to effect, and pay and satisfy such judgment as the Supreme Court may render in the case" (Code, §§ 3927-28),—is fatally defective to supersede the judgment for the land ; and the judgment being affirmed on the appeal, and the costs and damages paid, an action can not be maintained on the bond, to recover the rents of the land pending the appeal, or attorneys' fees for services rendered on the appeal. (BRICKELL, C. J., dissenting.)

APPEAL from the Circuit Court of Greene.

Tried before the Hon. LUTHER R. SMITH.

This action was brought by Henry A. Tutwiler, against A. S. Steele, John J. Steele, and Robert Harkness ; was commenced on the 31st August, 1877, and was founded on a penal bond executed by the defendants, which was in the following form : " Know all men by these presents, that we, Andrew S. Steele as principal, and John J. Steele and Robert Harkness as sureties, are held and firmly bound unto H. A. Tutwiler, in the sum of one thousand dollars ; for the payment of which," &c., in the usual form. "The condition of the above obligation is such, that whereas, at the Fall term, 1874, of the Circuit Court of said county, the said H. A. Tutwiler recovered a judgment against the said Andrew S. Steele, for the following lands, to-wit," describing them ; " also, for the sum of two hundred and fifty dollars damages for the detention of said lands, and the costs of suit : And whereas the said Andrew S. Steele hath this day made application for an appeal to the Supreme Court to reverse said judgment, and also for a *supersedeas* of the execution of said judgment, which has been granted on his entering into this bond : Now, if the said Andrew S. Steele shall prosecute said appeal to effect, and shall pay and satisfy such judgment as the Supreme Court of Alabama may render in this case, then this obligation to be void," &c. This bond was dated " the ——

[Steele v. Tutwiler.]

day of January," 1875, but was approved by the clerk on the 18th January; and the order of the circuit judge, Hon. L. R. SMITH, under which it was taken, was as follows: "It is ordered by the court, that a *supersedeas* issue in accordance with the prayer of petitioner, upon his entering into bond in the sum of $1,000, with good and sufficient sureties, to be approved by the clerk of the Circuit Court of Greene county."

The complaint was in these words: "The plaintiff claims of the defendants the sum of one thousand dollars, for this: That whereas the said plaintiff" recovered the judgment described in the bond: "And whereas the said A. S. Steele did, on the 30th day of December, 1874, pray for and obtain an appeal from said judgment, to the Supreme Court of Alabama, by giving an appeal bond in the sum of five hundred dollars, to supersede that part of said judgment which was for two hundred and fifty dollars damages, without superseding the execution of the judgment of the court for the possession of the land: And whereas the plaintiff was proceeding to take possession of said lands, under a writ issued from the Circuit Court of said county of Greene, against said defendant, A. S. Steele: the plaintiff avers, that in order to supersede said judgment for the possession of said lands, the said defendant, A. S. Steele, did, on the 12th day of January, 1875, present his petition to the Hon. L. R. Smith, the judge of the seventh judicial circuit, praying for an order to supersede the execution of said judgment for the possession of said land; and plaintiff avers that Hon. L. R. Smith indorsed the following order upon said bond," setting out the order copied above; "and that, in compliance with said order, the defendant, A. S. Steele, as principal, with the other defendants, John J. Steele and Robert Harkness as sureties, made, signed, and filed in said Circuit Court, on the 18th January, 1875, with the clerk of said court, by whom it was approved, their bond as follows," setting out the bond here sued on. "Whereby plaintiff avers that the execution of said judgment was suspended, and the plaintiff was prevented from having the possession of the said lands delivered to him, from and after the 1st day of January, 1875, as was his right to do; and that the possession of said lands was thereby retained by the said Andrew S. Steele, pending the appeal of said cause in the Supreme Court, to-wit, during the years 1875 and 1876. And plaintiff avers that, on the hearing and trial of said cause by the Supreme Court of Alabama, the said judgment of said Circuit Court of Greene county, in favor of the plaintiff, was in all things affirmed by the judgment of said Supreme Court, rendered therein on the 24th day of

May, 1877. And plaintiff avers, that the condition of the said bond, so made by the said defendants, and herein set forth, was and has been broken, in this : that the said Andrew S. Steele did not prosecute his said appeal to the said Supreme Court to effect, but, on the contrary, as heretofore set forth, the said judgment in the Circuit Court of Greene county, from which said appeal was taken, was in all things affirmed by the said Supreme Court. And plaintiff avers and alleges that, by reason of the execution and breach of said bond, he has suffered damage in the sum of one thousand dollars, in this : that he, the said plaintiff, has thereby been deprived of the use and possession, and of the rents of the said land, so recovered as aforesaid, since from, to-wit, the 1st day of January, 1875, until the 1st day of July, 1877 ; and plaintiff avers that the fair rental value of said land, during said period, was, to-wit, the sum of five hundred dollars *per annum*. And plaintiff avers that he has also suffered damage by reason of the execution of said bond, in this : that he was compelled to employ, and did employ an attorney to defend the appeal and the *supersedeas* of his said judgment for the recovery of the said lands, and the *supersedeas* of the writ of possession of said lands in the Supreme Court of Alabama."

The defendants demurred to the complaint, assigning twenty-two separate causes of demurrer, but the court overruled their demurrer ; and they then filed eight pleas. Demurrers were interposed and sustained to several of these pleas ; and the cause was finally submitted to the jury on issue joined on the pleas of performance and failure of consideration, and the plaintiff had a verdict and judgment for $629.91 under the charge of the court. The overruling of the demurrer to the complaint is now assigned as error, together with various other rulings on the pleadings and evidence, and in the matter of charges given and refused.

SNEDECOR, COCKRELL & HEAD, and E. MORGAN, for appellant.

WEBB & TUTWILER, and W. P. WEBB, *contra*.

STONE, J.—When an appeal is taken to this court from a judgment or decree for the payment of money, rendered by a court of original jurisdiction, and the design is to suspend execution by a *supersedeas*, the statute has, in terms, prescribed the condition of the bond to be given. It is, " to prosecute the appeal to effect, and to satisfy such judgment as the Supreme Court may render in the premises."—Code of 1876, § 3927. Such bond suspends execution, until the

judgment of this court is pronounced. This condition is plain and unambiguous. If this court reverse the judgment of the court below, and render no judgment here but for the costs of appeal, then the appeal is prosecuted to effect, and the condition of the bond is not broken. True, there is, in some cases, a liability resting on appellant to pay the costs adjudged against the appellee, when the same can not be made out of the latter; but this liability is declared by statute, and does not depend on any condition of the bond, or its breach. When there is a reversal, without more, there is no breach of the *supersedeas* bond, and no liability on the sureties. When such judgment or decree is affirmed on appeal, then the condition of the bond is broken, and the principal and sureties in the bond are held bound to satisfy such judgment as this court may render in the premises. The judgment which this court renders in such case is, an affirmance of the judgment appealed from—a merger of that judgment in ours, thus making it the judgment of this court. *Stephens v. Norris*, 15 Ala. 79.

But the legislature were aware that there would be judgments and decrees of courts, for the enforcement of rights, or compelling the performance of duties, other than the payment of money. In such cases, this court has no power to render a money judgment on the *supersedeas* bond. When such appeals are not prosecuted to effect, the most we can do is to render judgment against the appellant, for costs of the appeal, and affirm the judgment of the court below, thereby putting an end to the *supersedeas* of the execution, and leaving that court free to enforce its judgment or decree. If, in such case, the appellee is entitled to other or further relief, this court has no original power or jurisdiction to award it. It must be sought in a court of original jurisdiction, and in a separate action. Now, inasmuch as judgments and decrees are various in form and purpose, any uniform condition of a *supersedeas* bond would not be adapted to the varying forms of judicial relief. Hence, in cases of decrees or judgments for any thing other than the payment of money, the legislature has declared that, when an appeal with *supersedeas* is claimed, the chancellor, register, or judge, as the case may be, must "direct the amount and condition of the appeal bond;" which order must be entered on the minutebook of the court.—Code of 1876, § 3928.

We have here a legislative declaration, which has been followed by judicial interpretation, first, that to prosecute to effect, means to prosecute to a successful termination; second, that when a money judgment or decree is appealed from, the condition to prosecute to effect, and to satisfy such judgment

as this court may render in the premises, secures every right the appellee is entitled to have secured; and, third, when the judgment or decree appealed from is not for the payment of money, then, to prosecute to effect, and pay the judgment of this court, is not a proper condition for a *supersedeas* bond.

In *Hughes v. Hatchett*, 55 Ala. 539, 547, speaking of *supersedeas* bonds, in cases like the present, we said: "It [the bond] should be framed in reference to the damages likely to ensue from delay. The order for a *supersedeas* bond in such case, and the bond itself, should not have the sole condition prescribed in section [3489] 3927. That condition is inadequate in such a case. They should require and provide indemnity against such damage and loss as the appellee may sustain by the appeal, in addition to the condition prescribed in section 3927 [3489]. We will not declare what shall, in all cases, be the condition of the *supersedeas* bond under section 3928 [3490]. Security and indemnity should be of prime consideration. This doubtless will require, that the judge or officer, prescribing the condition, shall take into the account any peculiar circumstances that may distinguish the case in hand. . . We need scarcely add, that upon a bond so given, this court can render no judgment against the sureties, except for costs. Any recovery, beyond that, must be in a suit on the *supersedeas* bond."

In the case of the *United States v. Knight*, 14 Pet. 301, suit was brought on a bond with sureties, conditioned that B. K. and J. K. "shall continue true prisoners in the custody of the jailor, within the limits of the jail yard," &c. This bond bore date January, 1838. On the 4th January, 1800, Congress enacted, that persons imprisoned on process issued from any court of the United States, . . in civil actions, shall be entitled to like privilege of the jails, or limits of the respective jails, as persons confined in like cases on process from the respective States are entitled to, and under the like regulations and restrictions." It was contended there was a breach of the bond, in this: that the statute of Massachusetts, of force in Maine when the act of Congress was passed (January, 1800), required the prisoners to sleep within the prison walls at night, and that the liability of these prisoners and their bondsmen must be determined by the State law as it then existed. They had not remained within the prison walls at night, but had enjoyed the liberty of the jail yard both day and night. The court said: "From the language of that act, a person imprisoned for debt was allowed to have a chamber and lodging in any of the houses or apartments belonging to the prison, and liberty of the yard within

the day time.   It was the construction put on these words, which made it necessary for the debtor to be within the walls of the prison in the night time.   In the bond in question there is no such language.   Whilst, therefore, the officer might have been liable for taking from the debtor a bond, not in conformity with the statute, but extending to him a greater privilege than was allowed by law ; yet, in this case, the suit being on the bond, the parties are bound for nothing whatsoever but what is contained in the condition of the bond, whether it be or be not conformable with the law." The bond in that case had been framed according to the terms of a later regulation in regard to prison limits in Maine.

The case of *Mary Bein v. Heath*, 12 How. 168, was a suit on an injunction bond, to pay " all such damages as the said Mary Heath may recover against us, in case it should be decided that the said injunction was wrongfully obtained." The injunction had been dissolved, but no damages had been assessed or awarded against the obligors.   This suit was brought to recover such damages.   The court, C. J. TANEY, said :   " The bond, in the case before us, is not one to pay the damages which the opposing party should sustain by reason of the injunction, but it is to pay the damages that might be recovered against them ; obviously referring, we think, to the practice in Louisiana above mentioned.   A court, proceeding according to the rules of equity, can not give a judgment against the obligors in an injunction bond, when it dissolves the injunction.   It merely orders the dissolution, leaving the obligee to proceed at law against the sureties, if he sustains damage from the delay occasioned by the injunction.   This was done by the Circuit Court in the former suit between the parties.   No judgment was, or could be, given against the obligors, for debt or damages, and none were recovered against them previously to the institution of this suit.   The contingency on which they agreed to pay has not, therefore, happened, and the condition of the bond is not broken ; and consequently no action can be maintained upon it.   It would be against the well-established rule of the Chancery Court, to extend the liability of the surety, by any equitable construction, beyond the terms of his contract."— *Douglass v. Douglass*, 21 Wall. 98 ; *Carder v. Martin*, 17 Mo. 41 ; *United States v. Thompson*, 1 Gallison, 383 ; *Ballard v. Noaks*, 1 Ark. 193 ; *Hobart v. Hilliard*, 11 Pick. 143 ; *Newcomb v. Worster*, 7 Allen, 198 ; *Karthaus v. Owings*, 6 Har. & Johns. 184 ; *Van Epps v. Walsh*, 1 Wood's C. C. 598.   Sureties have the right to stand on the letter of their contract.—*Ellis v. Bibb*, 2 Stew. 63 ; *McKay v. Dodge*, 5 Ala. 388 ; *Harden v.*

[Bercy v. Lavretta.]

*Brown*, 18 Ala. 641; *Johnson v. Flint*, 34 Ala. 673; *Robertson v. Robertson*, 58 Ala. 68.

The condition of the bond sued on in this case is, to prosecute the appeal to effect, and to satisfy such judgment as the Supreme Court shall render in the premises. The appellant did not prosecute to effect, but it seems the judgment rendered by the Supreme Court has been paid. There is, then, a breach of the first condition of the bond only; namely, the appeal was not prosecuted to effect; and consequently, it would seem, the bondsmen are liable for all damage, if damage there could be, growing out of a failure to prosecute the appeal to a successful issue—namely, to a reversal of the judgment. Such right of action is so ridiculously absurd, that it affords another and conclusive reason for holding that the bond sued on in this case is not so framed as to cover either of the causes of grievance complained of. It is fatally defective as a bond to supersede the judgment for the recovery of lands, or the payment of attorney's fees. *Copeland v. Cunningham*, at present term; *Hamner v. Cobb*, 2 St. & Por. 383. The demurrer to the complaint should have been sustained.

Reversed, and, if desired by appellee, the cause will be remanded.

BRICKELL, C. J., dissenting.