# Leech *v.* Karthaus.

*Action upon a Supersedeas Bond.*

1. *Bond; when may be enforced as common law bond.*—When a bond is executed voluntarily by a party and is supported by a sufficient consideration and is not in contravention of public policy or offensive to law, it will be upheld as a valid common law obligation, though not authorized by law or required by statute.

2. *Same; same; supersedeas bond.*—Where a supersedeas bond, given by persons who were not parties to an action of ejectment, for the purpose of superseding a judgment rendered in favor of the plaintiff in said action, pending an application made by them for rehearing, is conditioned to prosecute the petition for rehearing to effect, or failing therein to pay such costs and damages as the plaintiff might sustain by the issuance of the writ of supersedeas, and by reason of which bond said judgment is superseded pending the application for rehearing, such bond, though unauthorized and the obligors therein had no right or standing to exhibit it and prosecute the petition for the rehearing, is binding as a common law obligation; and upon the petition for rehearing being denied and dismissed by the court, the plaintiff in the judgment can maintain an action against the obligors in said bond to recover

such damages as may have been sustained by the issuance of said writ.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. OSCEOLA KYLE.

This action originated in a justice of the peace court and was an action brought by the appellant, Sarah Leech, against the appellees. From a judgment in favor of the plaintiff the defendants appealed to the circuit court.

The action was for breach of the condition of a supersedeas bond. The complaint avers that in a certain ejectment suit in the circuit court, wherein Sarah Leech was plaintiff and Johnson, Campbell and Moore (who are not parties to this suit) were defendants, the plaintiff recovered judgment and a writ of possession was issued to place her in possession of the land sued for. The appellees, Karthaus and others (who were not parties to said suit) filed an application for rehearing in said case of Leech against Johnson and others, and they and the other appellees, Wellman and Boyd, executed the supersedeas bond sued on, payable to plaintiff, appellant in this suit, and conditioned to pay plaintiff such costs and damages as she might sustain by the issuance of said writ of superdeas; that said writ of supersedeas was issued upon said petition for rehearing, superseding the execution of said writ of possession; that the circuit court, at the hearing, dismissed said petition for rehearing and vacated and quashed the writ of supersedeas, and thereafter plaintiff was put in possession of the property under said writ of possession. She seeks to recover, as damages for the breach of the condition of said supersedeas bond the fair rental value of the property from the time of the issuance of said writ of possession to the date when (after the writ of supersedeas was vacated) she was put in possession under the writ of possession, and also attorneys' fees and costs and expenses incurred by her in obtaining the dissolution and vacation of the supersedeas.

The first ground of demurrer is, that the complaint

[Leech v. Karthaus.]

states no cause of action; the second, that the complaint does not show that plaintiff was damaged by defendants' acts complained of; and the other grounds, in varying language, assert the legal proposition that defendants, Karthaus and others, not having been parties to said suit in which they applied for a rehearing and executed the bond sued on and obtained the supersedeas, the bond executed by them and Wellman and Boyd as their sureties was void, and that it was not authorized by any statute; and that the circuit court was without jurisdiction to require it.

The court sustained the demurrer, and the plaintiff declining to plead further, judgment was rendered for the defendants. Plaintiff appeals, and assigns as error the judgment of the court in sustaining the demurrer interposed to the complaint.

HUMES, SHEFFEY & SPEAKE, for appellant.—The bond sued on is a valid obligation at common law.—4 Am. & Eng. Enc. of Law, (2d ed.), pp. 671-673 and notes; *Munter & Faber v. Reese*, 61 Ala. 395; *Jenkins v. Lockard's Admr*, 66 Ala. 377; *Whitsett v. Womack*, 8 Ala. 466; *Hester v. Keith*, 1 Ala. 316; *Miller v. Vaughan* 78 Ala. 323; *Babcock v. Carter*, 117 Ala. 575; *Crowder v. Morgan*, 72 Ala. 535; *Andrews v. Ford*, 106 Ala. 173.

Appellees, having invoked the jurisdiction of the court by making application for rehearing in a cause to which they were not parties, and giving the supersedeas bond, are estopped from saying that the court had no jurisdiction to require the bond or to entertain the application for rehearing.—*Kirkland v. Trott*, 75 Ala. 321, 324; 3 Brickell's Digest, 446, § 7; *State v. Flinn*, 77 Ala. 100; *Levy v. Bloch & Co.*, 88 Ala. 290; *Andrews v. Ford*, 106 Ala. 174.

COOPER & FOSTER, *contra*, cited *Munter v. Reese*, 61 Ala. 395; *Jenkins v. Lockard*, 66 Ala. 377.

McCLELLAN, C. J.—We are not advised by this record what interest Karthaus and the other defendants

had in the action brought by Sarah Leech against John-
son, Campbell and Moore for the recovery of a tract or
lot of land, or that they had any interest.  They were
not parties to that suit and it is to be assumed for the
purposes of this appeal that they were utter strangers
to it.   After Mrs. Leech recovered judgment in that
suit, however, Karthaus and the others filed an applica-
tion for a rehearing and executed the bond now sued on
for a *supersedeas* of that judgment pending the applica-
tion for rehearing.   The bond is payable to Mrs. Leech
and is conditioned to prosecute the petition to effect or
failing therein to pay such costs and damages as she
might sustain by the issuance of the writ of *supersedeas*.
The writ was issued upon this petition and bond, and
after the writ had been *in esse* for several months, and
the judgment for possession of the land had in point of
fact been suspended in consequence of the writ, the peti-
tion for rehearing was denied and dismissed by the
court. and the plaintiff in the judgment thereupon pro-
ceeded to execute her judgment and was put in posses
sion under it.   Of course, Karthaus *et al.* had no stand
ing to exhibit and prosecute the petition for a rehear-
ing.   The petition should not have been entertained,
nor should the bond have been accepted and the writ
issued upon it.   But the petition was entertained, the
bond was accepted, and the writ was issued; and in con-
sequence of its issuance Mrs. Leech was kept for several
months out of the possession of her land, and put to
costs and expenses.   The question is whether the oblig-
ors on this bond are liable for the damages sustained by
Mrs. Leech upon a common law obligation.   We
think they are.   They voluntarily executed the bond.
They accomplished by its execution the end they had
in view, the keeping of Mrs. Leech out of possession
pending the application for rehearing.   That was a
sufficient consideration of detriment to the obligee to
support the voluntary undertaking of the obligors.   The
question is not whether the bond was authorized by
statute, nor whether it should have been accorded the ef-
fect which was given to it; but whether in point of fact
it did accomplish the result it was intended by its mak-

ers to accomplish, and whether this result was detrimental to Mrs. Leech, the obligee. Having been given for the purpose of inducing certain action on the part of the ministers of the law—the issuance of the writ of *supersedas*—and having induced that action in accordance with the intention of the obligors, and that action having inflicted damages upon the obligee, and the condition of the obligation having been broken, the obligors are liable for such damages, notwithstanding the execution of the bond did not authorize or warrant the issuance of the writ. This question has been so thoroughly discussed and clearly decided in former adjudications of this court that a citation of them will take the place and avoid the necessity for further discussion of it here.—*Munter & Faber v. Reese et al.*, 61 Ala. 395; *Hester et al. v. Keith & Kelly*, 1 Ala. 316; *Whitsit v. Womack*, 8 Ala. 446; *Jenkins v. Lockard's Admr.*, 66 Ala. 377.

We find nothing in the cases of *Crowder v. Morgan*, 72 Ala. 535, and *Steele v. Tutwiler*, 63 Ala. 368, cited for appellee, or in any other case opposed to the conclusion we have reached.

The circuit court erred in sustaining the demurrer to the complaint, and rendering judgment for the defendants. The judgment for the defendants and the judgment on demurrer will be reversed. A judgment will be here entered overruling the demurrer. The cause will be remanded.

Reversed, rendered in part and remanded.