# Decker v. Decker, *et al.*

*Assumpsit.*

(Decided June 12, 1913.   63 South. 24.)

1. *Appeal and Error; Bond; Validity.*—An appeal bond executed to the appellee and conditioned to satisfy the judgment of the appellate court is valid as a common law obligation, although the statutory bond must be executed to the register under section 2875, Code 1907. and must be conditioned to pay the judgment of the appellate court, and all costs and damages occasioned by the appeal.

2. *Same; Consideration.*—Where the decree awarded the mother the custody of the child, and the appeal bond was conditioned to satisfy the judgment of the appellate court, and was executed to permit the father to retain the custody of the child pending the appeal, it was based on a sufficient consideration.

3. *Same; Breach of Conditions.*—Where the father executed an appeal bond to satisfy the judgment of the appellate court taken from a decree awarding the custody of the child to the mother, in order to permit the father to retain the custody of the child pending the appeal, and the judgment was affirmed, the condition of the bond was broken, where the father fled with the child to parts unknown, and failed and refused to deliver it to the mother.

4. *Same; Conditions; Extent of Liability.*—In an action on an appeal bond conditioned only to satisfy the judgment of the appellate court, and such judgment resulted in an affirmance of the decree granting the custody of the child to the mother, the mother is entitled to judgment for the loss and services and companionship of the child after affirmance but not pending the appeal, the father after the affirmance having failed or refused to deliver the custody of the child to the mother.

5. *Same; Validity.*—The fact that an appeal bond is conditioned merely to satisfy the judgment of the appellate court, does not prevent recovery on the bond for failure to comply with the judgment of the appellate court, although the bond fails to be conditioned as required by section 2875, Code 1907.

6. *Same; Effect of Affirmance; Liability.*—The affirmance of a judgment for the custody of a child has the effect of making the

judgment of the lower court the judgment of the appellate court, and the sureties on the appeal bond, conditioned to satisfy the judgment of the appellate court, are liable for the damages for the failure of the appellant to deliver the child.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by Etha M. Decker against James T. Decker and others, sureties on the appeal bond executed by George S. Decker, to obtain an appeal from the decree of the chancery court awarding the custody of a child to the plaintiff. Judgment for defendants and plaintiff appeals. Reversed and remanded.

JOHN A. LUSK & SON, for appellant. While the bond is not in the form prescribed by the Code, it is good as a common law obligation.—*Babcock v. Carter*, 117 Ala. 575; *Hughes v. Hatchett*, 55 Ala. 539. The circumstances and averments in this proceeding bring it within the rule laid down in *State v. Tutwiler*, 63 Ala. 368, and *Leach v. Karthaus*, 135 Ala. 396, and the demurrers should have been overruled.

STREET & ISBELL, for appellee. The failure to pay damages is no breach of the bond, and damages here claimed are not recoverable as the complaint shows no breach of the bond.—*Steele v. Tutwiler*, 63 Ala. 368; *Miller v. Vaughan*, 78 Ala. 323; *Shows v. Pendry*, 93 Ala. 248; 50 S. W. 687; 2 Cyc. 944, 946, 951, 956. The damages claimed are too remote and speculative.—*Blair v. Kilpatrick*, 40 Ind. 312.

THOMAS, J.—The present is an action by appellant on an appeal bond, executed by George S. Decker, as principal (who is not sued), and by appellees as his sureties (who only are sued), in a case appealed to the Supreme Court by said George S. Decker from the de-

[Decker v. Decker, et al.]

cree of the chancery court, wherein appellant here was complainant there, and said George S. Decker was defendant, and which involved the custody of a minor child of the parties, which the chancery court decreed to the complainant, its mother, appellant here. On the said appeal from that decree by the father, said George S. Decker, to the Supreme Court that court affirmed the decree of the chancery court. The appeal bond so given and here sued on recites: "Whereas the above-bound George S. Decker has this day applied for and obtained an appeal to the present term of the Supreme Court of Alabama to supersede and reverse a decree recovered by Etha M. Decker against George S. Decker for the custody of the younger child of said George S. Decker and Etha M. Decker, * * * now if said George S. Decker shall prosecute said appeal to effect and satisfy such decree as the Supreme Court may render in the premises, then this obligation to be null and void, otherwise to remain in full force and effect." The complaint alleges the affirmance by the Supreme Court of the decree of the chancery court, and that George S. Decker, by means of said appeal bond, obtained and secured the custody of the child pending the appeal, but "has failed and refused to do and perform the mandates of said decree so affirmed, and deliver the custody of said child to plaintiff, but has fled with said child to parts unknown." Then follows a claim of damages for the loss of the services and companionship of the child. The complaint was demurred to on several grounds, but the two insisted upon are that it showed no breach of the conditions of the bond, and showed no damages sustained by the plaintiff. The lower court sustained the demurrer, and the plaintiff appeals.

We are of opinion that the lower court was in error. It is true that for the bond here to have been effectual

[Decker v. Decker, et al.]

as a statutory supersedeas, it should have been executed to the register, and not to appellant, and have been conditioned, as required by statute, "to pay [in the event the principal fail in the appeal] such judgment as the Supreme Court may render in the premises, and all such costs and damages as any party aggrieved may sustain by reason of the wrongful appeal and suspension of the execution of the judgment or decree."— Code, § 2875; *Hughes v. Hatchett,* 55 Ala. 539; *Steele v. Tutwiler,* 63 Ala. 372. However, it has been uniformly held in this state that where an appeal bond does not comply with the statute requiring it, or the bond itself is not required by any statute, so that it cannot be sued upon as a statutory obligation, it may be binding, according to its terms, as a common-law obligation, provided it is supported by a proper consideration, and is neither contrary to a mandatory statute nor prohibited by public policy.—*Miller v. Vaughan,* 78 Ala. 323; *Leech v. Karthaus,* 135 Ala. 396, 33 South. 342; *Wheeler v. Fuller,* 4 Ala. App. 533, 58 South. 792; *Simmons v. Sharp,* 2 Ala. App. 385, 56 South. 849; *Babcock v. Carter,* 117 Ala. 577, 23 South. 487, 67 Am. St. Rep. 193; *Halsey v. Murray,* 112 Ala. 185, 20 South. 575.

There was ample consideration to support the bond here sued on, and it in no way violates the law. The complaint alleges that by reason and as a result of its execution the defendant in the chancery suit, George S. Decker, obtained and secured the custody of the child, and held it pending the appeal. Thereby it accomplished one of the purposes intended by its making, resulting in a benefit to Decker, the obligor, and a detriment to Mrs. Decker, the obligee.—Authorities supra. This consideration we think sufficient to support the promise of the obligors, made in the bond, *"to satisfy such decree as the Supreme Court may render in the*

*premises,*" which certainly means, among other things,
a promise to restore the child to the custody of the
plaintiff, its mother, in the event the decree of the chan-
cery court, which awarded it to her, is affirmed by the
Supreme Court. The complaint alleges that this decree
has been affirmed, and that said Decker has failed and
refused to restore the custody of the child to plaintiff,
but, on the contrary, has fled with said child to parts
unknown.

Such damages as the plaintiff has sustained by rea-
son and as a result of the breach of the bond in failing
to restore such child to her after the affirmance, which
would be the loss of the service and companionship of
the child since the affirmance, we are of opinion she is
entitled to recover under the plain terms of the bond,
though she is not entitled to recover for such loss of
service and companionship for the time the appeal was
pending; the bond not being so conditioned.—*Shows v.
Pendry,* 93 Ala. 250, 9 South. 462; *Steele v. Tutwiler,*
63 Ala. 372, and authorities supra.

We find nothing in the case of *Steele v. Tutwiler, su-
pra,* or in the other authorities cited and relied on by
appellee, to conflict with this view, but we are of opin-
ion that they are in entire harmony with the holding
here. In the case last mentioned the condition of the
bond sued on was very much like that here, and bound
the obligors "to prosecute the appeal to effect and pay
and satisfy such judgment as the Supreme Court may
render in the case," which was an ejectment suit. In a
suit on this bond—*Steele v. Tutwiler, supra*—while the
Supreme Court very properly held that there could be
no recovery for the value of the use of the premises de-
tained from plaintiff while the appeal was pending, sim-
ply because such damages were not provided for and
covered by the terms of the bond, yet the court did not

hold that under the terms of this bond the defendants would not have been liable to plaintiff for damages as a result of the detention of the premises subsequent to the affirmance, or would not have been liable for the amount of any money judgment that might have been rendered in the judgment for the land as damages for detention of it up to the trial. The plaintiff there, as well as the plaintiff here, was, under the statute (Code, § 2875), entitled to an appeal bond, which would cover such damages also; but the fact that the terms of the bond actually given did not cover and provide for all the damages she might sustain as a result of the appeal should not, and does not in law, we think, deprive her of the right to recover such damages as the bond by its plain terms does cover.

When a judgment or decree of a lower court is affirmed in the Supreme Court on appeal, the effect is to make the judgment or decree of the lower court the judgment of the Supreme Court.—*Stephens v. Norris,* 15 Ala. 79; *Steele v. Tutwiler, supra.* And an appeal bond, conditioned "to prosecute the appeal to effect and satisfy such judgment or decree as the Supreme Court may render in the premises," binds the obligors, we think, by its very terms to pay that judgment, if it be a moneyed judgment, and, if it be not a moneyed judgment, but one for the possession of property or the custody of a child, which appellant has obtained pending the appeal as a result of executing the appeal bond, then to redeliver that possession or custody to the opposing party in whose favor the judgment or decree was rendered. Otherwise, the appellant does not *"satisfy"* the judgment or decree of the higher court. If the judgment affirmed be a money judgment, it is settled that, upon a failure of the principal to pay it, a suit may be maintained against his sureties on a bond so condi-

tioned for the amount of the judgment (2 Cyc. p. 925); though in this state suit is never necessary in such a case, on account of a statutory provision requiring the appellate court, on affirmance, to render judgment against all the obligors on the bond for the amount of the affirmed judgment.—Code, § 2893; *Steele v. Tutwiler, supra.* If suit can be maintained on the bond for damages resulting from a failure to pay money withheld after the affirmance contrary to the judgment affirmed, we are unable to see why such a suit cannot be also maintained for damages resulting, after the affirmance, from a failure to redeliver the possession of property, or the custody of a child, obtained by means of the bond and withheld contrary to the judgment or decree, affirmed. The terms of the bond here given cover, we think, these damages, though they do not cover damages pending the appeal.—Code, § 2875; *Steele v. Tutwiler, supra.*

For the error of the lower court in sustaining the demurrers to the complaint, its judgment is reversed.

Reversed and remanded.