# CALDWELL v. UNITED STATES FIDELITY & GUARANTY CO.     463

(205 Ala.)

the Code, makes it a criminal offense to present any firearm at another.

Charges 19, 20, 23, 27, and 30 were properly refused on grounds already indicated. They were, moreover, calculated to mislead the jury.

[14] It is clear that there was no error in refusing the several affirmative charges as to the several degrees of unlawful homicide. It was open to the jury, under the evidence, to convict defendant of any degree.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.

---

(88 South. 574)

**CALDWELL et al. v. UNITED STATES FIDELITY & GUARANTY CO.**

(8 Div. 301.)

(Supreme Court of Alabama. April 7, 1921.)

**1. Appeal and error &#9758;1225—Supersedeas bond held good as common-law bond.**

A supersedeas bond, which should have been executed under Code 1907, § 2875, and made payable to the register, but which was made payable to the appellee, is good as a common-law bond.

**2. Appeal and error &#9758;1244—Suit on supersedeas bond held properly brought in name of obligee to use of injured party.**

A supersedeas bond in partition proceedings payable to the plaintiff in partition, which was good as a common-law bond, may be enforced by a suit in the name of the plaintiff to the use of other parties entitled to the partition who were injured by the stay of the distribution of the fund.

**3. Appeal and error &#9758;1234(7)—Interest on fund withheld from distribution and attorney's fee held proper elements of damages by supersedeas.**

The interest on the fund to be distributed in partition during the time its distribution was withheld pending appeal and the attorney's fee for defending the appeal are recoverable damages in a suit on the supersedeas bond.

**4. Principal and surety &#9758;59—Where language of bond is ambiguous, situation of parties may be considered.**

While a surety is bound only by the letter of his contract, which cannot be enlarged or changed without his consent, the language, if ambiguous, must be construed in the light of the circumstances, and the surety held liable in accordance with the manifest intention of the parties.

**5. Appeal and error &#9758;1234(7)—Supersedeas bond held to require payment of interest on fund withheld from distribution.**

A supersedeas bond conditioned on the payment of "such damages and costs as the Supreme Court may render in the premises as any party agreed may sustain, is not limited to the payment of a judgment for damages rendered by the Supreme Court, but may be construed by interposing the word "and" or a

semicolon between the words "premises" and "as," to effect the apparent intention to conform to the provisions of Code 1907, § 2875, and authorizes recovery of interest on the sum withheld for distribution pending the appeal, though the Supreme Court gave no judgment for such interest.

**6. Contracts &#9758;157, 158—Words or punctuation marks may be supplied in ambiguous instrument to effectuate intention of parties.**

In the construction of contracts, as well as of statutes, it is permissible to interpose words or proper punctuation marks to make the meaning clear, and to carry out the intention of the parties.

Appeal from Circuit Court, Jackson County; W. W. Harralson, Judge.

Action by Daisy Caldwell and others, for the use of G. B. Caldwell and E. H. Caldwell, against the United States Fidelity & Guaranty Company, for breach of a supersedeas bond. Judgment for defendant, and plaintiffs appeal. Reversed and remanded.

This suit was originally brought by E. H. and G. B. Caldwell against the Trustees of Cumberland University and the United States Fidelity & Guaranty Company, for the recovery of damages under a supersedeas bond executed by defendant, payable to Daisy Caldwell and others, in the cause appealed to the Supreme Court styled Trustees of Cumberland University v. Caldwell et al., and reported in 203 Ala. 590, 84 South. 846.

The complaint was amended by adding and inserting the following:

"The plaintiffs, Daisy Caldwell and others, for the use of E. H. Caldwell and G. B. Caldwell, thus making the payees of the bond nominal plaintiffs for the use of the plaintiffs in interest."

So much of the complaint as here pertinent reads as follows:

"The plaintiffs claim of the defendant the sum of $1,000, due as damages for the breach of supersedeas bond executed by the defendants in words and figures as follows:

" 'The State of Alabama, Jackson County.

" 'In Circuit Court, in Equity.

" 'Know all men by these presents, that we, the trustees of the Cumberland University of Lebanon, Tennessee, and United Fidelity & Guaranty Company, are held and firmly bound unto Daisy Caldwell and others, in the penal sum of one thousand ($1,000.00) dollars, to be paid to said Daisy Caldwell et al., or assigns, for the payment of which well and truly to be made, we bind ourselves jointly and severally and each of us, our heirs, executors, administrators and successors firmly by these presents.

" 'Sealed with our seals and dated on this the 5th day of Apr., 1919.

" 'The condition of the above obligation is such that the above bound trustees of the Cumberland University have this day applied for and obtained an appeal at the May term, 1919,

&#9758;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of the Supreme Court of Alabama, to supersede and reverse a decree recovered by said Daisy Caldwell et al. against the trustees of the Cumberland University at the March term of 1919, of the circuit court of Jackson county, sitting in equity.

" 'Now if the said trustees of the Cumberland University shall prosecute to effect the appeal, or if they fail therein to pay such damages and costs as the Supreme Court may render in the premises as any party aggrieved may sustain by reason of the wrongful appeal and suspension of the execution of said decree, then this obligation to be void, otherwise to remain in full force and effect. Trustees of the Cumberland University, [Signed] by Andrew B. Martin, Pres. United States Fidelity & Guaranty. Co., [Signed] by O. D. Kennamer, Atty. in Fact.

" 'Approved this the 5th day of April, 1919.
" '[Signed] B. F. Shook, Register.'

"Plaintiffs aver that the condition of said bond has been breached in this: The decree appealed from and superseded upon the execution of said bond was rendered March 27, 1919, in a cause pending in said circuit court of Jackson county, Ala., in equity, wherein Daisy Caldwell and others were complainants and G. B. Caldwell and others, respondents. Said suit was for the sale of real estate in Jackson county, Ala., for partition and division among tenants in common. By a proper decree the said real estate was sold and the proceeds deposited in court. Plaintiffs, E. H. Caldwell and G. B. Caldwell, and the defendants, trustees of Cumberland University, were parties to said bill, each claiming an interest as tenants in common in said lands and in the proceeds thereof deposited in court. By the said decree of March 27, 1919, the court adjudicated that after payment of costs and counsel fees for complainant in, said cause, one-fourth of one-half of said proceeds should be paid to said E. H. Caldwell and one-fourth of one-half of said proceeds should be paid to said G. B. Caldwell, said sums aggregating $4,157.32. It was further adjudicated by said decree that the trustees of Cumberland University at Lebanon, Tenn., were not owners or tenants in common in said lands, nor any interest therein, and that they should not share in the division of said funds. By the appeal and suspension of the execution of said decree the plaintiffs in this cause were deprived of the use of the funds from May 27, 1919, the time for distribution fixed in the decree, until January 18, 1920, when the said decree appealed from was affirmed by the judgment of the Supreme Court of Alabama, and the plaintiff in this cause incurred the expense of counsel fees in defense of said appeal."

Numerous assignments of demurrer were interposed, among others that the complaint failed to show that the supersedeas bond had been breached, and further to the effect that the complaint shows the condition of the bond to pay only such damages and costs as the Supreme Court may render, and, failing to show that the Supreme Court had rendered any judgment for damages, therefore did not show a breach. The demurrer was sustained. Judgment was rendered against the plaintiffs, who prosecute this appeal to review the action of the court in sustaining said demurrer.

Bouldin & Wimberly and John B. Tally, all of Scottsboro, for appellants.

While the bond should have been as prescribed by the statute and payable to the register (section 2875, Code 1907; 63 Ala. 597), it is a good common-law bond, and action thereon may be brought in the name of the payee for the use of the party aggrieved. 117 Ala. 575, 23 South. 487, 67 Am. St. Rep. 193; 135 Ala. 396, 33 South. 342, 2 Ala. App. 385, 56 South. 849; 9 Ala. App. 241, 63 South. 24. The damages recoverable are the interest on the fund tied up, and attorney's fees for defending at the appeal. 78 Ala. 323; 63 Ala. 596; 143 Ala. 411, 39 South. 136; 4 Ala. App. 532, 58 South. 792. In the nature of the case, the Supreme Court could not render any judgment for damages. 195 Ala. 81, 70 South. 721; 9 Ala. App. 241, 63 South. 24. The case of Steele v. Tutwiler, 63 Ala. 368, is without application here.

John F. Proctor, of Scottsboro, for appellee.

The defendant is only a surety, and is bound only by the letter of his contract. 92 Ala. 182, 9 South. 283; 65 Ala. 201. The bond in this case is almost identical with the bond in the following cases: 63 Ala. 368; 78 Ala. 323; 4 Ala. App. 532, 58 South. 792; 9 Ala. App. 241, 63 South. 24. On these authorities, the demurrers were properly sustained.

GARDNER, J. A supersedeas bond was executed by the trustees of the Cumberland University, in the case appealed to this court styled Trustees of Cumberland University v. Caldwell et al., 203 Ala. 590, 84 South. 846. That suit was for the sale of real estate for division among tenants in common, and the supersedeas on the appeal was for the purpose of staying the distribution of the funds pending the determination of the rights of the parties thereto by this court.

[1-3] The proper bond to have been executed in a case of this character would have been that prescribed by section 2875 of the Code of 1907. Such a bond would be payable to the register, but the bond here was nevertheless good as a common-law bond, and the action is properly prosecuted in the name of the payee for the use of the parties aggrieved (Babcock v. Carter, 117 Ala. 575, 23 South. 487, 67 Am. St. Rep. 193), and interest on the fund withheld and attorney's fee for defending the appeal are properly claimed as recoverable damages in a suit of this character (Miller v. Vaughan, 78 Ala. 323).

[4] Counsel for appellee rely upon the well-recognized principle that a surety is bound only by the letter of his contract,

which cannot be enlarged or changed without his consent, citing Boulden v. Estey Organ Co., 92 Ala. 182, 9 South. 283; City Council v. Hughes, 65 Ala. 201; Steele v. Tutwiler, 63 Ala. 368. We do not controvert this proposition, but we are of the opinion that it is given improper application to the instant case. In the Hughes Case, supra, recognizing this principle, the court said:

"The surety, though bound equally with the principal, stands in a purely voluntary and gratuitous relation. The extent of liability incurred by him is that expressed, or necessarily included, in the words in the contract or obligation."

In the case of Steele v. Tutwiler, supra, the condition of the bond was "to prosecute the appeal to effect, and to satisfy such judgment as the Supreme Court may render in the premises." The opinion in that case discloses that the only judgment proper to be rendered in cases of that character had been paid, and, as this was the only condition of the bond, no breach was shown. As will hereinafter appear, that authority is without application to the case at hand. In Boulden v. Estey Organ Co., supra, the defeasance clause, instead of providing for the payment of the costs and damages as prescribed by the statutes, merely provided for the payment of all costs, and falls within the influence of the Steele Case, supra.

Here, a different situation is presented. The language used in the defeasance clause of the bond in question is ambiguous to such an extent as calls for a construction of its meaning by this court. We know of no cases which hold, when such is the situation, the court may not, under a proper rule of construction, in the light of surrounding circumstances, and the objects and purposes to be subserved, construe the instrument or obligation entered into so as to arrive at the intention of the parties and its true meaning. Indeed, we think this was demonstrated in the opinion in the Hughes Case, cited above, wherein the court said:

"We concur with counsel for the appellant that the condition of the bond ought to be read and construed in connection with the charter, and its provision that the clerk should continue in office until his successor was elected and qualified."

[5] We have given careful consideration to a proper construction of the language used in the supersedeas bond, upon which this suit is founded. In the defeasance clause the obligors have promised to pay—

"such damages and costs as the Supreme Court may render in the premises as any party aggrieved may sustain by reason of the wrongful appeal and suspension of the execution of said decree."

Counsel for appellee would restrict this language to the payment of such costs and damages as the Supreme Court may by its judgment render in the premises. The effect of such construction would be to restrict the bond to the language found in the Steele Case; that is, merely to satisfy such judgment as the Supreme Court may render in the premises. This would leave no room for operation of the words "any party aggrieved may sustain," and we are of the opinion that such construction is manifestly unwarranted.

On the contrary, after a careful examination, in comparison of this bond with section 2875 of the Code, we are persuaded that it appears upon the face of the instrument as an ineffectual effort to conform to the provisions of that section. We agree with counsel for appellant that, as it is written, the bond calls for two kinds of costs and damages, such as, in the first place, the Supreme Court may render in the premises, and, in the second place, such as any party aggrieved may sustain by reason of the wrongful appeal and suspension of the execution of said decree.

Damages and costs are the object of the verb "pay," followed by two clauses, each connected by "as." If the word "and" were interposed between the words "premises" and "as," or, indeed, if a semicolon were to follow the word "premises," we think the meaning would be plain to the effect that the obligors agreed not only to pay such damages and costs as the Supreme Court might render in the premises, but also such damages and costs as any party aggrieved may sustain by reason of the wrongful appeal.

[6] In the construction of contracts, as well as statutes, there are numerous instances where the word "and" has been construed as "or," and vice versa, to effectuate the plain and evident intent of the parties, or Legislature, as the case may be. These authorities were considered in the recent case of Rutland v. Emanuel, 202 Ala. 269, 80 South. 107, and attention was directed to the cases cited in the note in Ann. Cas. 1917C, 306, and Ann. Cas. 1913A, 1058. It has also been held permissible to interpose words in a contract to make the meaning clear, and carry out the intention of the parties, and for the same purpose it has been held that the court may employ proper punctuation marks in reading the contract. 13 Corp. Jur. 535. Ambiguity in a negotiable note was recently considered in Dozier v. Vizard Inv. Co., 203 Ala. 421, 83 South. 575; and in Boykin v. Mobile Bank, 72 Ala. 262, 47 Am. Rep. 408, it was recognized that words may be supplied when necessary to carry into effect the reasonable intent of the parties, and numerous illustrations are cited in the opinion.

The purpose of the supersedeas bond in

the instant case was to require the withholding of the distribution of the funds pending the appeal, but in the very nature of the case the Supreme Court was not called upon to render any judgment for damages. It will appear, therefore, that, if the construction insisted upon by counsel for appellee is correct, the bond merely secures the costs of appeal, for which no supersedeas was required. Ex parte Cudd, 195 Ala. 80, 70 South. 721. As said by this court in Minge v. Green, 176 Ala. 343, 58 South. 381, and frequently repeated:

"Courts are loath to strike down deliberate contracts because of supposed uncertainty in any of its terms; and, if any of these terms are ambiguous, and prima facie capable of more than one meaning, the court will look to the situation of the parties and the objects they had in view to determine their true meaning."

See, also, Hamilton v. Stone, 202 Ala. 468, 80 South. 852; Ashley v. Cathcart, 159 Ala. 474, 49 South. 75.

All the provisions of a contract must be construed together, so as to give harmonious operation to each of them, so far as their language will reasonably permit. Manchester Sawmills Co. v. Arundel, 197 Ala. 505, 73 South. 24. The condition of the bond in the case of Decker v. Decker, 9 Ala. App. 241, 63 South. 24, relied upon by counsel for appellee, is unlike that here, and is without application to the instant case.

While we fully recognize the general rule that the surety is entitled to stand upon the terms of his contract, yet this rule can furnish no protection from liability upon the contract he in fact entered into. The rule cannot be made applicable to relieve the surety in the instant case, for the question here remains, What is the meaning of the language used? What was the intent of the parties, as gathered from the terms of the contract itself?

We have reached the conclusion that this language, especially when viewed in the light of the surrounding circumstances and the object to be accomplished, demonstrates an intention on the part of the obligors to bind themselves for the payment of such damages and costs not only as may be ascertained by judgment of the Supreme Court, but also as "any party aggrieved may sustain by reason of the wrongful appeal and suspension of the execution of said decree."

We are therefore of the opinion that the trial court was in error in sustaining the demurrer to this complaint, and the judgment will be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.