BUSH AND WIFE *vs.* CUNNINGHAM'S EXECUTORS.

[PROCEEDING BEFORE PROBATE COURT FOR RECOVERY OF LEGACY.]

1. *Bequest to creditor, with direction for deduction of debt from legacy.*— Where the testator, after making certain specific bequests to his wife, directed that the residue of his property, both real and personal, should be divided in three equal parts, bequeathed one of these parts to the children of a deceased brother, and added to the bequest these words: "*but the amount I am now indebted to them is deducted,*"—held, that this clause did not impose upon the children an abandonment of

Bush and Wife v. Cunningham's Executors.

their debts against the estate, as a condition upon which they should take the legacy, but only required a deduction of the debts from the legacy; that in making this deduction, the aggregate amount of the debts must be subtracted from the entire legacy to the children collectively; and that the amount to which the children were entitled under the bequest must be ascertained as in cases where property is brought into hotchpot—that is to say, after deducting the specific bequests to the widow, the amount of the debts due to the children must be first added to the general residuum of the estate, and then deducted from one-third of that amount.

2. *Burden of proof.*—In a proceeding before the probate court, after the expiration of eighteen months from the grant of letters testamentary, for the recovery of a residuary legacy, from which is to be deducted, by the terms of the bequest, a debt due from the testator to the legatee, it is incumbent on the legatee, and not on the executor, to prove the amount of the indebtedness to him; and unless he makes such proof, and thereby shows that there will be a sufficiency of assets remaining in the hands of the executor to pay all the debts, charges, and prior legacies, he is not entitled to a decree.

3. *Election; jurisdiction of probate and chancery courts over proceedings for recovery of legacy.*—Where a residuary legacy contains a clause directing a debt due from the testator to the legatees, arising from the fact that he had made an unauthorized sale of their interest in a tract of land, to be deducted from the amount of the legacy; and some of the legatees are infants, and, consequently, incapable of electing to ratify the sale,—the chancery court alone can make an election for them, and is, therefore, the appropriate forum for the settlement of the estate and the ascertainment of the legacies.

APPEAL from the Probate Court of Talladega.

IN the matter of the estate of John H. Cunningham, deceased, on the petition of A. C. Bush and Mary, his wife, (formerly Mary Cunningham,) D. F. Shuford and Cynthia, his wife, (formerly Cynthia Cunningham,) John B. Cunningham and Victoria Cunningham, for the recovery of a legacy, which they claimed under the second clause of the will of said John H. Cunningham, deceased, which, after making several specific bequests to the said testator's wife, was in the following words: "The remaining portion of my estate, both real and personal, not bequeathed, is to be in three equal parts; W. J. Cunningham is to have one-third; James M. Montgomery, Julia Jackson, and Evaline Lane, one-third; and the other third to my brother's, Ansel Cunningham, deceased, children; but the amount I now am

indebted to them is deducted, both real and personal." The plaintiffs claimed as children of said Ansel Cunningham, deceased, and filed their petition after the lapse of eighteen months from the grant of letters-testamentary. The executors, who were made defendants to the proceeding, "pleaded the general issue, with leave to give in evidence any special matter which might be pleaded in bar, and with like leave to the petitioners in reply."

On the hearing of the petition, the plaintiffs read in evidence the will of the testator, with its probate, the inventory, sale-bill of a portion of the personal property, and allotment of the slaves by commissioners under an order of the court; and proved the solvency of the estate. "The defendants then offered to prove, that said John H. Cunningham, the testator, was the executor of his father, who, by his will, left his real estate to his widow for life, and after her death it was to be equally divided among his children, seven in number, one of whom was said Ansel Cunningham, the father of the petitioners; that said John H., before the death of his father's widow, purchased all the interests, except that of said Ansel Cunningham, and that of W. J. Cunningham, one of the defendants in this proceeding; that he afterwards purchased the share of said W. J. Cunningham; that he sold said land after the death of the widow, and made a fee-simple deed for the whole tract, with covenants of warranty to protect the title; that this was done after the death of said Ansel Cunningham, and with the consent of his widow and such of his children as were of full age,—he, the said John H., to pay them one-seventh of the amount for which he sold it; that he did this as fast as the children came of age, and also paid to the widow of said Ansel the share to which she was entitled under the laws of Georgia." The plaintiffs objected to this evidence, as illegal and irrelevant; the court overruled their objections, and they excepted. The defendants offered to prove, also, "that the said John H. Cunningham was also the executor of his mother, who, at her death in 1851–2, bequeathed $1200 to the children of

said Ansel Cunningham; and that the said John H., up to the time of his death, paid all the said children, as they came of age, their respective shares of this legacy." This evidence the court admitted, against the objection of the petitioners, and they excepted. It was admitted that the names, ages, &c., of all the parties, were correctly stated in the petition; that all of the petitioners were of full age when the petition was filed; that two of them were under the age of twenty-one when the testator died, and that he had never paid either of these two anything on account of his indebtedness to them. The other children of said Ansel Cunningham, who were not before the court as parties, were alleged in the petition to be under the age of twenty-one years. This being all the evidence, (except some parol testimony as to the testator's instructions to the person who wrote the will, which requires no particular notice,) the court dismissed the petition, and the petitioners excepted.

The decree of the court, and its rulings on the evidence, are now assigned as error.

JAS. B. MARTIN, for appellants.

L. E. PARSONS, and JNO. WHITE, contra.

A. J. WALKER, C. J.—The clause subjoined to the bequest to the children of Ansel Cunningham—" but the amount I now am indebted to them is deducted, both real and personal"—does not exempt the testator's estate from the payment of the debts due to the children of Ansel Cunningham, or impose upon them the abandonment of those debts as a condition upon which they should take the legacy. Its entire effect is to require a deduction from the legacy of the amount of the debts. If it required an abandonment of the debts, there would be a loss of the debts to those children, as well as a deduction of the amount. The children have a right to collect the debts from the estate; but, in ascertaining their legacy, there is to be a deduction of the amount of the debts. We understand the clause to require that a deduction from the entire

legacy of the children collectively is to be made of the gross or aggregate amount of the indebtedness, and not that there is to be a deduction from the several shares of the respective children of the distinct amounts which may be due them separately. The deduction is evidently made a common burden upon all the children.

In ascertaining the legacy to be divided among the children of Ansel Cunningham, the following is the plan to be pursued: After the satisfaction of the debts and expenses and cost of administration, the bequests to the widow must be taken out; then, to the residuum must be added the amount of the testator's indebtedness to the children of Ansel Cunningham, and the residuum thus increased must be divided into three equal parts; of these three parts, one must be assigned to William J. Cunningham; one to James M. Montgomery, Julian Jackson, and Evaline Lane, to be equally divided between them; and the remaining third, after deducting the amount of the indebtedness before added to the residuum, must be equally divided among the children of Ansel Cunningham. The indebtedness to the children of Ansel Cunningham must be brought into hotchpot; otherwise, there would be a balance not distributed under the will,—a result which it was evidently the purpose of the testator to avoid. This will be apparent upon making a review of the process of distribution upon a different plan. Let the actual residuum, after the reduction of the widow's legacy, be divided into three equal parts, and then let a sum equal to the indebtedness to Ansel Cunningham's children be deducted from their share, and there would be an intestacy as to the sum deducted. This result, which is inconsistent with the testator's intention, is avoided by adding the amount to be deducted to the residuum to be divided into three equal parts.

From this exposition of the plan of calculation to be adopted, it becomes clear, that proof as to the amount of the testator's indebtedness to the children of Ansel Cunningham is indispensable to the ascertainment of their distributive share; and it is totally impossible to determine

what is the distributive share of those children, or any one or more of them, without such proof; and it is equally impossible to determine, in the absence of such proof, whether the probate judge could, with safety to the estate, decree to them, in advance of a final settlement, any definite amount on account of their legacies; for it may be that the aggregate amount of the indebtedness will absorb the legacy.

[2.] It was shown that the testator was indebted to the above-named children on two accounts; but as to the amount of indebtedness on one account there was no proof. The *onus* of making that proof was upon the petitioners. The amount of the indebtedness was a matter which we must presume to have been as much within the knowledge of the petitioners, as of the executors. It was not defensive matter, to be brought forward by the executors. It was an element to be affirmatively considered in ascertaining whether the petitioners were entitled to the decree sought. Under section 1775, it devolved upon the petitioners to show that they were legatees, and that after the payment to them of some amount there would be a sufficiency of assets to pay all the debts, charges, and other legacies entitled to priority. This, we decide, they have not done.

[3.] A part of the testator's indebtedness to the children, mentioned in the will, arises out of the fact of his making an unauthorized sale of their interest in a tract of land. Those who are infants have not elected to ratify the sale and take their share of the purchase-money, and are incapable from infancy of making that election. An election can only be made for them by the chancery court. The amount of indebtedness depends upon that election. It would, therefore, seem that the appropriate forum for the settlement of the estate and the ascertainment of the legacies of the above-named children would be the chancery court.

Decree affirmed.