[Cahall v. Citizens' Mutual Building Association.]

every essential element or ingredient of such oath, as prescribed by the statute. This is in accordance with our more recent rulings, as declared in the cases of *Allen v. The State*, 71 Ala. 5, and *Schamberger v. The State,* 68 Ala. 543. But, as often decided, the recital that the jury "were duly sworn," or were "sworn according to law," is clearly sufficient; and the adoption of this form is the safer practice for the *nisi prius* courts to pursue.—*Story v. The State, supra,* and cases cited.

It is not our purpose to decide, that if the indictment had been framed in another aspect, a conviction could not have been had for playing at cards on a steamboat in Mobile bay. *Coleman v. The State*, 13 Ala. 602; Code, 1876, § 27 ; 1 Bish. Cr. Law, § 176 ; 1 Whart. Cr. Law (8th Ed.) § 264.

We have examined the other exceptions, and are of opinion that they are not well taken.

The judgment is reversed, and the cause remanded.

# Cahall *v.* Citizens' Mutual Building Association.

## *Action on Appeal Bond.*

1. *Appeal bond; what damages are recoverable.*—An appeal bond, given in pursuance of the order of the presiding judge (Code, § 3928), on appeal from a judgment for the recovery of land or the possession thereof, and conditioned for the payment of "all costs and such damages as the plaintiff may sustain by reason of this appeal," covers all damages resulting to the plaintiff from the appeal and its legal consequences and incidents; that is, all damages of which the appeal is the moving cause, or the direct and immediate agency producing them; and this includes the value of the use and occupation of the premises pending the appeal, of which the plaintiff was deprived by the suspension of a writ of possession on the judgment.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WM. E. CLARKE.

This action was brought by the appellee, a domestic corporation, against Green B. Cahall and others; and was founded on an appeal bond executed by said defendants, which was dated the 29th January, 1878, and conditioned as follows: "The condition of the above obligation is such, that whereas the above-bound Green B. Cahall applied for and obtained an appeal, returnable to the June term, 1878, of the Supreme Court of Alabama, to supersede and reverse a judgment recovered by the said Citizens' Mutual Building Association against the said

Green B. Cahall, at the Fall term, 1877, of the Circuit Court of Mobile county, for the recovery of certain real estate, and also damages amounting to one dollar, besides costs; now, if the said Green B. Cahall shall prosecute to effect his said suit in the Supreme Court, and shall pay and satisfy all costs and such damages as the plaintiff may sustain by reason of this appeal, then this obligation to be null and void," &c. The order of the Circuit Court under which this bond was executed, prescribing its condition and amount of penalty, was in these words: "It is ordered by the court, that for the purpose of appealing this cause to the Supreme Court of Alabama, the defendant enter into bond with security, approved by the clerk, in the sum of five hundred and fifty dollars, conditioned to pay all costs, except Supreme Court costs, and all damages sustained by plaintiff by reason of the appeal."

The action was commenced on the 25th October, 1879. The complaint contained three counts, each of which alleged the affirmance of the judgment by this court on appeal, and the failure of the defendants to pay the damages which the plaintiff had sustained by reason of the appeal; the first claiming damages generally, without an averment of any special damages; and the second and third each claiming as damages the value of the use and occupation of the property while the appeal was pending in this court, from the 29th January, 1878, to the 1st July, 1879, and alleging that the plaintiff was kept out of the possession during that period by reason of the appeal and the execution of the bond. The defendants demurred to each count of the complaint, assigning specifically numerous grounds of demurrer to each; and their demurrers being overruled, they pleaded "the general issue." On the trial, as the bill of exceptions shows, the plaintiff offered in evidence the bond on which the action was founded, and the order of court under which it was executed, as above set out. The defendants objected to the admission of the bond as evidence, "on the ground that the condition of said bond was not in conformity to said order of court as offered in evidence;" and they duly excepted to the overruling of their objection.

The plaintiff then introduced one Caldwell as a witness, "who testified, that the real estate referred to in the bond was the same as that mentioned in the complaint; that said Green B. Cahall remained in possession of said real estate, after the making of said bond, until the affirmance of the judgment against him in the Supreme Court, a period of seventeen months, when he surrendered the possession to the plaintiff; that the rental value of said property is $20 per month, and that said Green B. Cahall has not paid said rent." Another witness for the plaintiff testified, that the rental value of the property was $15.

per month; while a witness introduced by the defendants testified, that it was worth $12 per month.

"This was all the evidence. The court thereupon charged the jury, of its own motion, among other things, that the loss of the rent of the premises, during the time the case was pending. in the Supreme Court, was within the damages provided against by the condition of the bond; and that the plaintiff was entitled to recover the same in this action, to such an amount as they might find proved by the evidence." The defendants excepted to this charge, and requested the court, in writing, to charge the jury that, "unless the order of the court fixing the condition of the bond, and the condition of the bond itself, expressly imposed on the defendants the obligation of paying the value of the use and occupation of the premises during the pendency of the case in the Supreme Court, the defendants can not be held liable. in this suit, for such use and occupation, as damages occasioned by the appeal." The court refused to give this charge, and the defendants excepted to its refusal.

The rulings of the court on the pleadings and evidence, the charge given, and the refusal of the charge asked, are now assigned as error.

L. H. FAITH, for appellants.

MACARTNEY & CLARKE, contra.

BRICKELL, C. J.—The first proposition pressed by the appellants for the reversal of the judgment is, that the terms of the bond embrace only damages resulting from the appeal, and not damages resulting from the stay or suspension of execution of the judgment pending the appeal. This seems to us too narrow, and rather an illiberal construction of the condition of the bond, which is for the payment "of all costs, and such damages as the plaintiff may sustain by reason of this appeal." These words contemplate security and indemnity to the plaintiff against all damages resulting to him from the appeal and its legal consequences and incidents; all damages of which the appeal is the moving cause—the direct, immediate agency producing them. The purpose of the bond, as recited on its face, was an appeal suspending the execution of the judgment; and the purpose of the statute which authorizes its taking, is the stay or suspension of the execution, keeping the parties and the controversy *in statu quo* pending the appeal. The bond being executed, as was this bond, in pursuance of an order of the judge of the court in which the judgment was rendered, the legal incident and consequence of the appeal was, while it was pending, the suspension of the execution of the judgment. In

the absence of the appeal, the bond could not have been taken; and without the appeal and bond, there could not have been a suspension of execution. The fair and just construction of the words of the condition of the bond is, that the obligors bound themselves, in the event of the affirmance of the judgment, to pay and satisfy the costs of the appeal, and all such damages as were the natural, proximate consequence of the appeal and its legal incident, the suspension of execution.

The judgment from which the appeal was taken was, that the plaintiff recover of the defendant the premises, or the possession of the premises in controversy. The only writ which could issue for the enforcement of the judgment, other than a *fieri facias* for the costs adjudged against the defendant, was a writ of *habere facias possessionem*, directed to the sheriff, and commanding him to put the plaintiff in possession. The issue and execution of this writ was suspended, or superseded, by the appeal and bond, until the judgment of this court was pronounced. Security, indemnity against loss or injury, resulting to the plaintiff directly from the suspension of the execution of the judgment, it is the manifest object of the statute, and of the bond required, to afford. The loss of the possession, the value of its use, pending the appeal, is the immediate consequence of the suspension of the execution, for which the plaintiff is entitled to compensation; and if it is not made, the condition of the bond is broken.—*Drake v. Webb*, 63 Ala. 596; *Zeigler v. David*, 23 Ala. 127.

Let the judgment be affirmed.