[Miller v. Vaughan.]

## Miller *v.* Vaughan.

### *Action on Bond.*

1. *Supersedeas bond; what does not comply with statute.*—Where, in an action of ejectment, on appeal from a judgment quashing a writ of possession, the presiding judge made an order that on appellants "executing bond in the sum of two hundred dollars, the writ ordered to be suspended ," a bond conditioned that the appellant " shall satisfy and pay whatever damages the appellee may sustain by reason of said appeal, in event the judgment of said court shall be affirmed," is not a *supersedeas* bond under the statute.

2. *Bond; validity at common law; damages.*—But such a bond is a valid, common-law bond, having been voluntary executed, and founded on a valuable consideration ; and possession of the lands being retained pending the appeal, the obligors are bound for damages sustained by the appellee, by reason of the loss of possession of the lands, and for expenses incurred for the services of an attorney in resisting a reversal of the judgment.

3. *Certificate of affirmance, as evidence.*—The certificate issued by the clerk of the Supreme Court is not evidence, in another cause, of the facts therein stated. The only competent evidence of the affirmance of the judgment is a properly certified or exemplified transcript of its record.

APPEAL from Geneva Circuit Court.
Tried before the Hon. HENRY D. CLAYTON.
The opinion states the facts.

W. D. ROBERTS, for appellants, cited *Steele v. Tutwiler*, 63 Ala. 368.

B. F. CASSADY, *contra.*

CLOPTON, J.—In *Steele v. Tutwiler*, 63 Ala. 368, the action was on a bond, made by the defendant in a statutory real action, on an appeal from a judgment in favor of the plaintiff for the possession of the lands, damages and costs. The condition of the bond was, that the appellant "shall prosecute said appeal to effect, and pay and satisfy such judgment as the Supreme Court may render in the case." It was held that the bond did not operate as a *supersedeas* of the judgment, and that the judgment being affirmed, and the damages and costs paid, no action could be maintained thereon for rents of the land pending the appeal, or for attorney's fees. The rents and attorney's fees were not within the condition of the bond.

The bond sued on in the present case was made by the plaintiff in an action of ejectment, on an appeal from a judgment quashing the writ of possession, which had been issued. The presiding judge made an order, that on appellants "executing bond in the sum of two hundred dollars, the writ ordered to be suspended;" but did not direct the condition of the bond. It is conditioned, that the appellant "shall satisfy and pay whatever damages the said Vaughan may sustain by reason of said appeal, in the event the judgment of said court shall be affirmed."

It is conceded, that the bond was not given in pursuance of the statute, by virtue of which it has the force and effect of a *supersedeas* bond, because of the failure of the judge to direct the condition. It may, also, be admitted, that it did not operate, by force of its terms and conditions, a *supersedeas* of the judgment, there being no reference, either expressly or by implication, to having effect as a *supersedeas* bond. A bond, though not conformable to the statute, voluntarily executed, founded on a valid consideration, and not repugnant to any provision of the law, is good at common law. On this principle, bonds taken by civil officers, in the course of, and in relation to judicial proceedings, if supported by a sufficient consideration, not forbidden by law, are valid as common-law bonds, as bonds between individuals.— *Whitsett v. Womack*, 8 Ala. 466 ; *Sewall v. Franklin*, 2 Por. 493 ; *Stow v. City Council*, 74 Ala. 226. The bond sued on was given in pursuance of the order of the judge, which directed a suspension of the writ of restitution on its execution ; and by virtue of the suspension the appellant retained possession of the land during the pendency of the appeal. The bond having been voluntarily executed, and being founded on a valuable consideration, imposes a common-law obligation. The scope of the obligation, as stipulated by the condition of the bond, is to satisfy and pay all such damages as were the natural and proximate consequences of the appeal and the *supersedeas* of the judgment. The condition of the bond covers damages sustained by the loss of the possession of the lands, being the value of its use, and expenses incurred for services of an attorney in resisting a reversal of the judgment. The non-payment of these damages is a breach of the condition of the bond. *Cahall v. Cit. Mut. B. Asso.*, 74 Ala. 539 ; *Drake v. Webb*, 63 Ala. 596.

There is error, however, in admitting in evidence the certificate of affirmance, issued by the clerk of this court. The only competent evidence of the affirmance of the judgment is a

properly certified or exemplified transcript of its record. It was so ruled, expressly, in *Dothard v. Sheid*, 69 Ala. 135.

Reversed and remanded.