# McEntyre *v.* Hairston.

## *Ejectment.*

### (Decided June 13, 1907. 44 South. 417.)

1. *Appeal; Assignment of Error; Waiver.*—An assignment of error not insisted on in appellant's brief, except by repeating the objection made to the evidence when offered, is waived and will not be considered on appeal.

2. *Evidence; Secondary Evidence; Predicate; Sufficiency.*—The proof of the execution of a mortgage to a trustee; the statement of the trustee that he did not know where the mortgage was and that his last recollection of it was that it was in a safe in a store; the statement of another witness that all the papers in the store were turned over to him, that a great many were thought to be worthless and destroyed, but that he did not think that this particular mortgage was destroyed, and that he did not have this particular mortgage now, were insufficient as a prediacte on which to admit secondary evidence of the mortgage.

3. *Trial; Instructions; Submission of Issues of Law to the Jury.*—Charges submitting to the jury the question as to whether or not mill machinery was included in a mortgage and whether the same was sold in accordance with the power contained in the mortgage, submitted to the jury questions of law, and were properly refused.

4. *Same.*—Where the questions, whether the mill machinery was conveyed by mortgage, and whether the same was sold in accordance with the power contained in such mortgage, rests partly on parol testimony, the facts which will constitute a conveyance by the mortgage, and which will constitute a sale in accordance with the powers in the mortgage, must be hypothesized in submitting the question to the jury.

5. *Same; Request in Bulk.*—The court will not be put in error for refusing charges requested in bulk unless all of them are correct.

6. *Same; Degree of Proof.*—A charge in a civil action that a party must establish a fact to the entire satisfaction of the jury is erroneous as requiring a too high degree of proof.

APPEAL from Dale Circuit Court.

Heard before Hon. A. A. EVANS.

Ejectment by T. H. McEntyre against Nettie F. Hairston and others. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

The following charges were given for the defendant: "(1) If the jury believe from the evidence that the mill machinery in question was sold at public auction under the mortgages in question, according to the form of sale in them contained and in pursuance of its said form of sale, then the amount for which said machinery sold at such sale is all the plaintiff is entitled as credit on said mortgages on account of said machinery.    *    *    *    (3) If the jury believe from the evidence that the machinery in question was conveyed in either of the mortgages in question, and was sold at foreclosure sale at public outcry as provided by the mortgages, then. plaintiff is entitled to credit for only the amount for which the machinery was so sold.    (4) The jury will look to all the evidence, including the advertisement in the Southern Star in evidence, and the testimony concerning the hauling of the machinery in question and of the sale thereof, in determining whether or not the mortgages in question were legally foreclosed on said machinery." Charge 4, in plaintiff's series of refused charges, was as follows: "The burden is upon the defense to show by evidence a ratification by the plaintiff, if they rely upon that to make good a mortgage executed by a minor; and this they must do to the entire satisfaction of the jury, or they must fail on the question of ratification."

R. H. WALKER, for appellant.—Counsel discuss assignments of error but cite no authority to susain his contention.

No counsel marked for appellee.

DENSON, J.—This is a statutory action of ejectment. From a judgment in the circuit court in favor of the defendants, the plaintiff prosecutes this appeal.

No brief has been filed for the appellees, and if some of the 29 grounds of error assigned have been discussed in the brief filed by counsel for the appellant, yet not a single authority is cited in the brief on any point of law involved. So we are left to search for authorities, if needed, without the aid of counsel. We shall make the best effort we can to treat the case properly; but, if some of the points should be overlooked, counsel will have only themselves to thank for the omission.

The record fails to show that a deed by Anna J. Dowling and H. H. Dowling to appellee, Nettie F. Hairston, was offered in evidence; hence the first ground of error has no foundation in fact.

The second ground in the assignment of errors will not be considered, for the reason that it is not insisted upon in appellant's brief. What is said in the brief in respect to this assignment is a mere repetition of the objection that was made to the deed when it was offered.— *Mitchell v. Gambill*, 140 Ala. 545, 37 South. 402.

Two mortgages executed by plaintiff and one Hughs Massey to Alto V. Lee as trustee were necessary links in defendant's chain of title. The originals of these mortgages were not produced, and against the plaintiff's objection that the proper predicate for the introduction of secondary evidence was not made, the court allowed copies (not certified copies) of the mortgages to be introduced as evidence. The evidence on which the copies were admitted was as follows: Alto V. Lee testified that the plaintiff and Hughs Massey executed to him two mortgages, one in December, 1895, and the other in January, 1896; that he did not know where the mortgages were; that his last recollection of them was that they

were in the store or safe of Shelly Dowling & Co.; that he took a receipt from Mrs. Dowling and the cestui que trust named in the deed of trust to him (Shelly Dowling and Drucilla Dowling) for all papers in his possession, and turned them over to them, but he did not know that these particular mortgages were turned over by him. Gen. Oates, for the defendants, testified that he did not succeed Lee as trustee, but that all the papers in the hands of Mrs. Dowling, as well as the business of Shelly Dowling & Co., were turned over to him, and at the time they were turned over to him a great many papers which were thought by them to have been settled or worthless were destroyed, but that he did not know that these particular mortgages were destroyed, though he knew that he did not have them. It seems clear, on this state of the proof, that the court improperly admitted the copies of the mortgages. It is the general rule that, "if the loss of a paper is relied on to account for its non-production. the fact of loss is not established without proof of diligent search where the paper is most likely to be found, * * * and the particular character of the search must be shown."—*Laster v. Blackwell,* 128 Ala. 143, 147, 30 South. 663, and authorities there cited. Mr. Lee's evidence fails to show any search made by him, and his evidence is uncertain in respect to the papers being turned over by him to Mrs. Dowling and the cestui que trust; and, while his last recollection of the mortgages was that they were in the store or safe of Shelly Dowling & Co., a search might have revealed the fact that the originals were amongst Mr. Lee's papers, or at least the facts testified to did not excuse the defendants from making proof of search. Furthermore, Gen. Oates' evidence failed to show that the safe or the papers in the possession of Shelly Dowling & Co. were ever turned over to him, and no search in the store or the safe for the

papers was shown. As was said, in the case of *Boulden v. State,* 102 Ala. 78, 85, 15 South. 341, where the proof of the loss of an instrument is required as the foundation for the introduction of secondary evidence, "every rea-sonable effort which it appears might have resulted in its production should be shown to have been made, with-out avail, before secondary evidence should be received." It follows that, in admitting the copies of the mortgages, the court committed reversible error.

The page of the ledger of Shelly Dowling & Co. show-ing the account of plaintiff and Hughs Massey was, in connection with the evidence that preceded the offer of it in evidence, properly admitted against the general objection interposed to it.

Charges 1, 3, and 4, given at the request of the defend-ants, are bad, in that each submits a question of law for the determination of the jury. Whether or not the prop-erty was sold in accordance with the power contained in the mortgages, and whether or not the machinery was conveyed by the mortgages, were questions of law, even if they depended for solution partly on parol evidence, facts which would constitute a sale in accordance with the power and facts which would constitute a conveyance by the mortgage should have been hypothesized, and the charges should have referred their existence vel non to the jury, and not the naked question of law, without any guide. In giving the charges the court committed rever-sible error.

The charges requested by the plaintiff, the bill of ex-ceptions shows, were requested in bulk; and to put the court in error for refusing them, all of them must be good. It is clear that charge 4 of the series is bad, in that it exacts too high a degree of proof.—*Verberg's Case,* 137 Ala. 73, 34 South. 848, 97 Am. St. Rep. 17; *Yeats' Case,* 142 Ala. 58, 38 South. 760; *Southern Rail-*

*way Co. v. Douglass,* 144 Ala. 351, 39 South. 268; *Rarden v. Cunningham,* 136 Ala. 263, 34 South. 26; *Torrey v. Burney,* 113 Ala. 496, 21 South. 348 (first headnote).

We have considered all the assignments of error that have been insisted upon. For the errors pointed out, the judgment of the circuit court will be reversed, and the cause remanded.

Reversed and remanded.

Tyson, C. J., and Haralson and Dowdell, JJ., concur.