# Bay City Lumber Co. *v.* McIntyre Lumber & Export Co.

## *Assumpsit.*

(Decided May 31, 1911.   55 South. 1033.)

1. *Sales; Price; Evidence; Title and Possession of Seller.*—Where the action was for the price of lumber and the controverted issues were whether the lumber was promptly shipped, whether it was delivered to the buyer in time for an intended re-shipment and whether the buyer agreed to accept it after its arrival, it was competent to show when and where and of whom the seller purchased the lumber, and to show its inspection before shipment by the buyer's agent.

2. *Appeal and Error; Insistence on; Brief.*—Where errors are assigned but are not discussed in brief or argument except by the general statement that all of the errors assigned should be sustained, such errors are waived and will not be considered.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Assumpsit by the McIntyre Lumber & Export Company for the price of lumber sold. Judgment for plaintiff and defendant appeals. Affirmed.

STEVENS & LYONS, for appellant. The only errors insisted upon are the overruling of objections to questions as to transactions between appellee and a third party, and it is insisted that these transactions were entirely irrelevant and immaterial to any issue in the case.—Wigmore on Evi. p. 90-91.

FITTS & LEIGH, for appellee. A great many of the errors assigned were not insisted upon, and hence, were waived.—*W. Ry. of Ala. v. Russell,* 144 Ala. 142; *Fitts v. Phoenix A. Co.,* 153 Ala. 635. All the matters objected to and insisted upon were relevant to the issues and properly permitted in evidence.—*A. G. S. v. Guest,* 144 Ala. 373.

PELHAM, J.—The only questions presented to this court for review are the trial court's ruling on the evidence in a suit brought in the court below by appellee against appellant based on a contract for the shipment of lumber. The original contract was in writing, dated January 13, 1908, and is set out in the record, and called for 10,000 feet each of 4 different kinds of lumber at $19, to be delivered "in about forty-five days on arrival of steamer" f. o. b. Mobile. Two car loads of lumber were shipped under the contract by appellee and were paid for by appellant, over which there is no controversy. The contention arises over the third car. This car was ordered not shipped until after the expiration of the original contract on March 20, 1908. The shipping instructions were general, and it is appellee's

[Bay City Lumber Co. v. McIntyre Lumber & Export Co.]

contention that the car was shipped promptly on appellant's order, and that it arrived in Mobile in time for the steamer upon which it was to be loaded, or that, if it was not received by appellant in time for the particular steamer, appellant's president agreed to accept it after it had arrived in Mobile. It was appellant's contention on the trial that this car did not arrive in Mobile in time for the vessel, that the lumber was never delivered according to contract, and that appellant's president did not agree to take or receive the lumber after its arrival. The evidence on the trial was in conflict upon these respective contentions, and the liability of appellant under the disputed facts became a question for the jury.

The appellee, seeking to show compliance with the contract and an acceptance of the lumber by appellant, offered evidence in the trial court, which was admitted against the objection and exception of appellant, to the effect that appellee had purchased the car load of lumber in question from the Cochran Lumber Company, at Toinette, a town about 40 miles distant from Mobile, and that appellant had, through an inspector of its own, who inspected the lumber at Toinette, given shipping orders for the lumber to be shipped to appellant at Mobile. Under the issues made up on the trial, it was relevant and admissible for the appellee to offer evidence tending to prove that it shipped the lumber in compliance with shipping instructions or orders given by an agent of appellant in time to reach Mobile, and the evidence as to from whom, and where, the lumber was procured was relevant on such an issue to be considered by the jury in that connection, and the court below was not in error in admitting it. The question of the conclusiveness of the evidence to which exceptions were reserved to establish a delivery of the car

39—CA

load of lumber is not before us, but only the question of its relevancy and admissibility to go to the jury as tending to prove or disprove the issues before them, and the evidence as to when and from whom and where the lumber was obtained and shipped, and the inspection of the particular lumber shipped by an agent of the appellant, were all matters properly allowed in evidence by the court as relevant to the issue.

We have discussed all the assignments of error discussed by appellant in his brief on file. Other errors assigned, but not discussed or insisted upon except by the general statement contained in the brief, "and all of the errors assigned should be sustained," are waived, and will not be considered.—*Town of Vernon v. Wedgworth,* 148 Ala. 490, 42 South. 749; *Western Ry. of Ala. v. Russell, Adm'r,* 144 Ala. 142, 39 South. 311, 113 Am. St. Rep. 24, and cases cited by these authorities.

There is no error in the rulings of the court below on the evidence as above pointed out, and the case is affirmed.

Affirmed.