[Simmons, et al. v. Sharp.]

# Simmons, *et al. v.* Sharp.

### *Breach of Contract.*

(Decided Nov. 28, 1911. Rehearing denied Dec. 14, 1911.
56 South. 849.)

1. *Supersedeas; Bond; Liability.*—Although a supersedeas bond was insufficient as a statutory bond, because made payable to plaintiff instead of to the clerk, as provided by section 2874, Code 1907, yet where the parties relied upon it, and it accomplished the result intended, to the damage of the obligee, an action may be maintained upon it, as a common law obligation.

2. *Same; Consideration.*—Where a supersedeas bond was conditioned in the exact terms required by the statute, the obligors cannot set up that there was no consideration to support the bond, or that the consideration was illegal or contrary to public policy.

3. *Same; Other Undertakings; Extent of Liability.*—Where a bond is conditioned to pay all such costs and damages as any party aggrieved may sustain by the wrongful suing out of the appeal, and the suspension of the execution of the judgment, it was sufficient to cover damages sustained by the plaintiff by being deprived of the possession of the land sued for pending the appeal, and the expenses incurred for services of counsel in resisting a reversal of the judgment.

4. *Same; Breach.*—The non-payment of damages sustained by the obligee in a supersedeas bond which accrued to him on affirmance of the judgment constitute a breach of the condition of the bond.

Appeal from Marengo Law and Equity Court.

Heard before Hon. EDWARD J. GILDER.

Action by A. Y. Sharpe against R. L. Simmons and others. From a judgment for plaintiff, defendants appeal. Affirmed.

The complaint was as follows: "Plaintiff claims of defendants the sum of $500 as damages for breach of a certain bond made by defendants on, to wit, the 27th day of October, 1905, in words and figures as follows: 'State of Alabama, Marengo County. Know all men by these presents, that we, R. L. Simmons, C. B. Jones, L. E. Compton, D. C. Compton, F. M. Compton, and W. H.

25 CA

[Simmons, et al. v. Sharp.]

Compton, are held and firmly bound unto A. Y. Sharpe in the sum of $500 for the payment of which, well and truly to be made, we bind ourselves jointly and severally, our heirs, executors, and administrators. Sealed, etc. The condition of the above obligation is such that, whereas on the 2d day of May, 1905 in the circuit court of Marengo county, a judgment was rendered in favor of A. Y. Sharpe and against R. L. Simmons, L. E. Compton [and eleven others], in an action of ejectment in which the said A. Y. Sharpe was plaintiff, and those mentioned above were defendants, in which a judgment was rendered for the land sued for, together with $500 damages, and the sum of $100 as costs, from which judgment the said defendants have applied for and obtained an appeal to the Supreme Court of Alabama; and whereas, the judge of the circuit court has made an order suspending judgment in said cause upon the clerk accepting a bond in the sum of $500; Now, we, the above-stated parties, to wit, * * * agree to prosecute said appeal, to pay all such costs and damages as any party aggrieved may sustain by reason of wrongful appeal and the suspension of the execution of the judgment in said above-mentioned cause.' " Several grounds were alleged as breach of the condition, not necessary to be here set out.

J. M. MILLER and C. K. ABRAHAMS, for appellant. Being a common law obligation and not a supersedeas bond, the appeal was not suspended, nor was the right to issue a writ of possession superseded. Hence, it follows that the demurrers should have been sustained. Sections 2874-5, Code 1907; *Munter, et al. v. Reese*, 61 Ala. 395; *Jenkins v. Lockard*, 66 Ala. 377. The complaint did not state a cause of action.—*L. & N. v. Dunn*, 137 Ala. 477; *C. of Ga. v. Blount*, 134 Ala. 356; *So. Ry. Co. v. Bunt*, 131 Ala. 595.

BEN F. ELMORE, and REESE & REESE, for appellee. The court properly overruled demurrers to the complaint. *Babcock v. Carter,* 117 Ala. 575; Sec. 3965, Code 1907. Although the bond was not in strict accordance with the statute, it was a common law obligation relied on by the parties with resultant damage to plaintiff, and hence, plaintiff is entitled to recover on it, as such obligation. *Sewall v. Franklin;* 2 Port. 493; *Babcock v. Carter, supra; Leech v. Karthaus,* 135 Ala. 396; Sec. 2874, Code 1907, and cases cited therein. The cases cited by appellant are authority for the position taken by appellee.

WALKER, P. J.—But for the fact that it was made payable to the plaintiff in the action in which it was given, instead of to the clerk as prescribed by the statute, (Code, § 2874), the bond sued on would have been a good statutory bond required to supersede the execution of the judgment in that case for the possession of land. The bond having been given to secure the suspension of the execution of the judgment for the possession of land, and—as sufficiently appears from the pleadings and proof in the case—having accomplished that result in accordance with the intention of the obligors, and that result having involved damage to the obligee, and the condition of the bond having been broken, an action may be maintained on it as a common-law obligation, although its execution was not legally entitled to have the effect of superseding the execution of the judgment to which it referred. *Leech v. Karthaus,* 135 Ala. 369, 33 South. 342; *Babcock v. Carter et al.,* 117 Ala. 575, 23 South. 487, 67 Am. St. Rep. 193; *Munter & Faber v. Reese,* 61 Ala.; *Sewall v. Franklin et al.,* 2 Port. 493.

The only attack upon the rulings of the trial court which counsel for the appellants seek to sustain by argu-

ment or citation of authority is in reference to the question of a consideration to support the bond. Conceding that the question was raised by the pleadings, in the absence of any plea impeaching the consideration of the instrument sued on (Code, § 3966), yet, in view of the facts that the bond was conditioned in the exact terms required by the statute (Code. § 2874) in the case of a bond to be made to the clerk to secure a suspension, pending an appeal, of the execution of a judgment for the possession of land, and that by its execution the obligors in fact obtained such suspension of the execution until after the judgment appealed from had been affirmed, there is no room for a plausible claim that there was an absence of a valuable consideration to support the bond, or that the consideration was in any respect in contravention of public policy or offensive to law. *Leech v. Karthaus, supra; Miller v. Vaughan*, 78 Ala. 323; *Jenkins v. Lockhard, Adm'r.* 66 Ala. 377.

The condition of the bond, "to pay all such costs and damages as any party aggrieved may sustain by reason of wrongful appeal and the suspension of the execution of the judgment," covered damages sustained by the plaintiff by the deprivation of the possession of the land pending the appeal, being the value of its use, and expenses incurred for services of counsel in resisting a reversal of the judgment.

The non-payment of these damages constituted a breach of the condition of the bond. *Miller r. Vaughan. supra.*

Affirmed.