# Wheeler, *et al. v.* Fuller, for use, etc.

## *Assumpsit.*

(Decided May 7, 1912. 58 South. 792.)

1. *Appeal and Error; Assignment; Waiver.*—Assignments of error not insisted on in brief or argument are waived.

2. *Same; Sufficiency.*—An assignment of error that the demurrers to the complaint should have been sustained, where some of the grounds of demurrer were manifestly bad, was too general to raise the question of the court's ruling on the demurrers for review, since if the court properly overruled any of the grounds of demurrer, the assignment is not sustained.

3. *Same; Specification of Error.*—A statement in brief that the court erred in not ruling on the evidence, but not stating to what ruling or failure to rule it refers, is insufficient to authorize consideration of the question.

3. *Bonds; Liability on; Effect.*—Although the bond is not a valid statutory bond because payable to the register in chancery instead of to the party recovering the judgment (section 2874, Code 1907) the bond is still enforcible as a common law obligation in a suit by the register for the use of the party recovering.

[W.heeler, et al. v. Fuller, for use, etc.]

5. *Same; Attorney's Fees.*—Where the appeal bond was conditioned to pay all costs and damages sustained by reason of the appeal, expenses for services of counsel in resisting a reversal of the case are recoverable in a suit on the bond.

APPEAL from Cullman Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by W. B. Fuller for the use, etc., against Wheeler and others, upon an appeal bond for the damages sustained by taking an appeal. Judgment for plaintiff and defendant appeals. Affirmed.

W. T. L. COFER, for appellant. The demurrers to the complaint should have been sustained, and the court erred in not ruling upon the evidence and in giving the charge for the plaintiff.—*Montgomery L. Co. v. Merrick,* 61 Ala. 534; *Ex parte Sibert,* 67 Ala. 349.

J. B. BROWN, for appellee. The bond was good either as a statutory or common law bond.—*Babcock v. Carter,* 117 Ala. 576. The other matters assigned as error are not insisted upon in such a way as to authorize a review of them by the Appellate Court. The demurrers to the compliant were properly overruled.—*Babcock v. Carter, supra.*

PELHAM, J.—The appellee, as register in chancery, brought suit in the circuit court, for the use and benefit of one J. I. Armstrong, against the appellants, as obligors on an appeal bond executed by appellants in a case brought by appeal from the chancery court of Cullman county to the Supreme Court of Alabama, wherein the said Armstrong was the appellee. The chancellor, prescribing the sum under section 2874 of the Code of 1907, fixed the amount of the bond in the sum of $300, and the bond was given in that amount and conditioned to pay such judgment as the Supreme Court

might render "and all such costs and damages as any party aggrieved may sustain by reason of the wrongful appeal and suspension of the execution of said decree." The plaintiff averred a breach of the condition of the bond, in that the principal in the bond, who prosecuted the appeal, failed in the appeal, and claimed $100 damages as attorney's fees as an expense or damage incurred. The case was tried on issues formed under plea of the general issue, no consideration, and payment.

The appellants make numerous assignments of error, but in brief filed insist only that no recovery can be had, because the penalty was paid in full before suit was brought on the bond, and that "the demurrers to the complaint should have been sustained, and the court erred in not ruling upon the evidence and in giving the general charge for the plainitff."

The other errors assigned, but not discussed or insisted upon in brief, are waived and will not be considered.—*Bay City Lumber Co. v. McIntyre Lumber Co.,* 1 Ala. App. 607, 55 South. 1033. There are several demurrers assigning different grounds of demurrer to the complaint; but the assignment of error made here going to the court's ruling on the demurrers, "that the court erred in overruling defendants' demurrers to the complaint," and the insistance made by brief, is only general.

It would appear that the principal ground of demurrer set up, and which we suppose appellants seek to insist upon, is to the effect that the bond sued upon is shown to be made payable to Fuller, as register, instead of to Armstrong, the original complainant. If the bond, under the provisions of section 2874 of the Code, should have been made to Armstrong, and is not a statutory bond, still it would be good as a common-law obligation; and the action for recovery for a breach is proper-

ly brought by Fuller, as register, for the use of Armstrong.—*Babcock v. Carter et al.,* 117 Ala. 575, 23 South. 487, 67 Am. St. Rep. 193.

We cannot be sure, from the general assignment of error on the record and the statement, equally general, made by way of insistence in brief of counsel, that the ground of demurrer we have discussed is the ground intended to be assigned and insisted upon; but, however that may be, the assignment and insistence are too general to raise the question of the court's ruling on the demurrers, as some of the grounds assigned are manifestly bad, and some are but general demurrers. Under the assignment made, if one ground of demurrer was properly overruled, the assignment is not sufficient, and the court cannot be put in error for its ruling.—*Aetna Life Ins. Co. v. Lasseter,* 153 Ala. 630, 45 South. 166, 15 L. R. A. (N. S.) 252; *Fitts v. Phoenix Co.,* 153 Ala. 635, 45 South. 150; *Kenan v. Lindsay,* 127 Ala. 273, 28 South. 570; *Pearson v. Adams,* 129 Ala. 169, 29 South. 977; *Ashford v. Ashford,* 136 Ala. 633, 34 South. 10, 96 Am. St. Rep. 82; *Ferrell v. Opelika,* 144 Ala. 135, 39 South. 249; *Brent v. Baldwin,* 160 Ala. 635, 49 South. 343; *Thompson v. N. C. & St. L. Ry. Co.,* 160 Ala. 590, 49 South. 340.

The bare statement of counsel in brief that the court erred in not ruling on the evidence is not a sufficient insistence to authorize a consideration of this question on appeal. We are not even informed as to what ruling counsel has reference to, nor can we divine; for, while the bill of exceptions shows several rulings on the evidence, it does not show an exception reserved in any instance to the court's ruling or having failed to rule on the evidence.—*McEntyre v. Hairston,* 152 Ala. 251, 44 South. 417; *Harper v. Raisin Fertilizer Co.,* 158 Ala. 360, 42 South. 550; *Hodge v. Rambo,* 155 Ala. 175, 45

South. 678; *Bay City Lumber Co. v. McIntyre Export Co.,* 1 Ala. App. 607, 55 South. 1033, and authorities there cited.

The case (*Steele v. Tutwiler,* 63 Ala. 368) cited and relied upon by counsel for appellants in support of the contention that no recovery can be had in this case is not in point, because of the difference in the condition of the bond sued on in the case cited and the condition of the bond in this case. In *Steele v. Tutwiler, supra,* the condition of the bond was to prosecute the appeal to effect and pay and satisfy such judgment as the Supreme Court might render in the case, and the principal and sureties on the bond in that case could, of course, as was held in that case, only be held bound, in case the condition of the bond be broken, to satisfy such judgment as the Supreme Court rendered in the premises, and recovery could not be had for any other costs and damages sustained, because the bond contained no such condition, and the parties were bound for nothing but what is contained in the condition of the bond. In the case before us, the provision to pay "all such costs and damages" as may be sustained was a condition of the bond, and the gravamen of the complaint was to recover certain damages, alleged to have been sustained as a result of and growing out of a breach of the bond. The condition of the bond covered the expense incurred for services of counsel in resisting a reversal of the case in the Supreme Court, and, the condition having been broken, this expense incurred by the obligees on the bond is recoverable in a suit against the obligors for a breach of the bond.—*Simmons v. Sharp,* 2 Ala. App. 385, 56 South. 849. The plea of payment was not sustained by the evidence. The payments which were made were shown not to have been made on the bond sued on, but

[Letson v. Hall.]

on other obligations, and the court properly gave the general charge for the plaintiff.

A careful examination of the record fails to show any reversible error available to the defendants, and the case will be affirmed.

Affirmed.