DEMPSEY, for The Use of STEVERSON v. GAY et al.

7 Div. 122.

Supreme Court of Alabama.
May 25, 1933.

Riddle & Riddle, of Talladega, for appellant.

Pruet & Glass, of Ashland, for appellees.

BROWN, Justice.

This is an action of assumpsit for the breach of the condition of a supersedeas bond given to supersede the execution of a judgment in an action of detinue in which Steverson recovered a judgment for the possession of certain chattels or their alternate value, and damages for their detention.

The condition of the bond was that if the said defendant in the detinue suit fail in his appeal, "and shall pay all such costs and damages as any party aggrieved may sustain by reason of the wrongful appeal and suspension of the execution of the judgment or decree, and shall pay and satisfy such judgment as the Supreme Court shall render in this case, then this obligation to be void, otherwise to remain in full force and effect."

The breach alleged is that said defendant, in the action of detinue, failed in his appeal, and in consequence of said appeal the plaintiff Steverson was deprived of the use of the property pending appeal, was put to expense in the employment of attorneys to defend against said appeal, and that the property greatly depreciated in value pending the appeal, which damages the said defendant has failed to pay.

The pleas were the general issue, set-off, and recoupment, pleaded in short by consent.

The only evidence offered to support the defendants' pleas of recoupment and set-off was evidence going to show that after this suit was brought the defendant Gay made demand on the plaintiff Steverson to satisfy of record a judgment which had been paid, and that Steverson failed to do so within thirty days after the receipt of such demand.

■ This was not a cause of action subsisting at the commencement of this suit, and did not sustain the plea of set-off. St. Louis & Tennessee River Packet Co. v. McPeters, 124 Ala. 451, 27 So. 518; Drennen v. Gilmore Brothers, 132 Ala. 246, 31 So. 90, 90 Am. St. Rep. 902. Nor was it available to sustain the plea of recoupment. It was not founded on a breach of the contract on which plaintiff sues, nor a breach of duty growing out of said contract. Standard Sanitary Mfg. Co. v. Benson Hardware Co., 225 Ala. 412, 143 So. 570.

The court erred, therefore, in refusing the following written charge requested by the plaintiff: "The Court charges the jury that you cannot find the issues in this case in favor of the defendant under his plea of set-off, if you believe the evidence in this case," made the predicate for the first assignment of error. The court also erred in refusing written charge (c), the affirmative charge as to the plea of recoupment.

■ Charge 4th, given at defendants' re-

quest, pretermits consideration of the evidence by the jury, and should have been refused. The court also erred in giving charges 4, 6, and 13, requested by the defendants.

■ The statute contemplates that two bonds should be given in cases of this character, one for the supersedeas of the money judgment, and the other for the supersedeas of judgment for the property. Section 6133, Code of 1923; Boulden v. Estey Organ Company, 92 Ala. 182, 9 So. 283. But in this case only one bond was given superseding both phases of the judgment, and under the peculiar facts of this case the measure of plaintiff's damages was the reasonable value of the use and hire of the property pending the appeal, depreciation in value of the property pending the appeal, if any, and a reasonable attorney's fee paid or incurred by the plaintiff, Steverson, less the damages of 10 per cent. awarded on the money judgment on affirmance. Drake v. Webb, adm'r, etc., 63 Ala. 596; Cahall v. Citizens' Mutual Building Ass'n, 74 Ala. 539; Caldwell v. United States Fidelity & Guaranty Co., 205 Ala. 463, 88 So. 574; Simmons v. Sharp, 2 Ala. App. 385, 56 So. 849; Wheeler v. Fuller, for use, etc., 4 Ala. App. 532, 58 So. 792. The court therefore erred in giving, at defendants' request, charges 9, 10, 11, and 14.

It is needless to consider further assignments of error, as they may not arise on another trial.

For the errors noted, the judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.